**FIDUCIARY COUNSEL, INC., Appellant,**

v.

**W. Willard WIRTZ, Secretary of Labor, Appellee.**

**No. 20620.**

United States Court of Appeals District of Columbia Circuit.

Argued April 18, 1967.

Decided July 7, 1967.

Certiorari Denied Dec. 11, 1967.

See 88 S.Ct. 563.

Mr. Carl L. Shipley, Washington, D. C., for appellant.

Mr. Jack H. Weiner, Atty., Dept. of Justice, with whom Messrs. David G. Bress, U. S. Atty., and Morton Hollander, Atty., Dept. of Justice, were on the brief, for appellee. Messrs. Alan S. Rosenthal and Richard S. Salzman, Attys., Dept. of Justice, also entered appearances for appellee.

Before BAZELON, Chief Judge, and McGOWAN and LEVENTHAL, Circuit Judges.

McGOWAN, Circuit Judge.

Appellant, a registered investment adviser under the Investment Advisers Act of 1940, 15 U.S.C. § 80b–1 et seq. (1964), and subject to regulation thereunder by the Securities and Exchange Commission, sought declaratory relief in the District Court against appellee, who is charged with the administration of the Welfare and Pension Plans Disclosure Act, 29 U.S.C. § 301 et seq. (1964). Appellant asserted that it was not, as claimed by appellee, subject to the Act under the circumstances shown by this record; and that, even if it were, exemption from the statute is being discriminatorily, and therefore arbitrarily, withheld from it. The facts were stipulated. On cross-motions for summary judgment, the District Court dealt in terms with appellant's arguments as to the inapplicability of the statute, and disallowed them. It did not address itself expressly to appellant's alternative contention. We have no reason to reject the District Court's conclusions as to the coverage of the statute. We think, however, that it failed to recognize the substantial issue raised by appellant's assertion that its treatment in the matter of exemption is insupportable.

## I

Appellant has, since 1962, acted as investment adviser in respect of two employee pension trusts of the Parker Pen Company, of Janesville, Wisconsin. The employer is the sole contributor; and a Janesville bank is the trustee. Although the trust instruments seemingly embody an unrestricted power in the trustee to control investment, they also clearly grant to the employer a right to retain an investment adviser who can give to the trustee binding directions as to investment. Appellant at no time has physical possession of any of the trust assets.

 Appellee has notified appellant that it should comply with the bonding requirements of Section 308d of the Welfare and Pension Plans Disclosure Act. That section, the key provision of which is set forth in the margin,[1] makes it unlawful "to receive, handle, disburse, or otherwise exercise custody or control" of any of the assets of a pension plan without being bonded in the required manner. Bearing in mind the Congressional concerns about the jeopardy in which pension assets had been placed by the dissipation which can flow from either direct thievery or dishonest investment, we think, as said above, that the District Court does not appear to have erred in its rejection of appellant's contentions that it is outside the statutory reach.[2] It is the issue raised by appellant but not discussed by the court, namely, the matter of exemption, which confronts us with difficulty.

Paragraph (e) of Section 308d provides as follows:

Regulations; exemption of plan

The Secretary shall from time to time issue such regulations as may be necessary to carry out the provisions of this section. When, in the opinion of the Secretary, the administrator of a plan offers adequate evidence of the financial responsibility of the plan, or that other bonding arrangements would provide adequate protection of the beneficiaries and participants, he

---

1. "Every administrator, officer, and employee of any employee welfare benefit plan or of any employee pension benefit plan subject to this chapter who handles funds or other property of such plan shall be bonded as herein provided; except that, where such plan is one under which the only assets from which benefits are paid are the general assets of a union or of an employer, the administrator, officers and employees of such plan shall be exempt from the bonding re-

quirements of this section." 29 U.S.C. § 308d (a) (1964).

2. Appellant variously argued, by reference to the statute itself, that (1) it was not an administrator, officer, or employee of the plan within the meaning of the Act, (2) the Act was confined to those who physically "handle" fund assets, and (3) the plans here involved were outside the Act because the only assets involved were part of the general assets of the employer.

may exempt such plan from the requirements of this section.

Under the authority of that grant of exempting power, appellee has promulgated this regulation (29 C.F.R. § 464.4(e):

> The terms "administrator, officer, and employee" shall not be deemed to include the following independent institutions, or natural persons acting in an employment or other representative capacity for such institutions, except with respect to covered plans for the benefit of their own employees:
>
> > (1) any bank or trust company subject to regulation and examination by the Comptroller of the Currency, the Board of Governors of the Federal Reserve System, or the Federal Deposit Insurance Corporation, or chartered under the laws of any State and operating in accordance with State law and subject to State supervision and examination.

The institutions so exempted are those with whom appellant competes for the business of providing investment advice. If they are to be relieved of the substantial cost of providing a bond under the Act while appellant is not, the latter's ability to compete is adversely affected. If, says appellant, exempting the one and not the other has no reasonable basis, then the denial of exemption to appellant offends both statute and constitution. It has no such basis, argues appellant, because the regulatory criteria employed in the regulation give no significantly greater assurance of security to the pension assets than do the regulatory conditions under which appellant has to function.

We note that Congress appeared to conceive that it was empowering the Secretary to give exemption to a particular plan, as distinct from interpreting the statute as not applying to certain persons. This is indicated both by the title of paragraph (e)—"Regulations; exemption of plan"—as well as by its provision that when "the administrator of a plan

offers adequate evidence of the financial responsibility of the plan, or that other bonding arrangements would provide adequate protection * * * [the Secretary] may exempt *such plan* * * *." (Emphasis supplied.) Under the statute, a bank would not appear to be entitled to exemption until after it applies for it in respect of a particular plan and "offers adequate evidence" with respect to the statutory standards. The regulation, contrarily, defines a bank subject to state or federal supervision as not being an "administrator" within the meaning of the statutory command for bonding. The assurance of security for the particular plan in terms of "financial responsibility" or "other bonding arrangements" resides only in the fact that the bank is subject to federal or state supervision and examination.

The nature of that supervision varies widely. As appellant points out and appellee concedes, at least four states do not include bonding within their regulatory requirements; and Iowa, although it requires bonding, does not subject its banks to examination. Appellant points in this regard to the comprehensive character of the regulation which Congress has imposed upon it in the implementation of the "national concern" that the clients of investment advisers be assured of honest and responsible services from those engaged in that business. Investment advisers may not function without applying for authority by means of registration with the Securities and Exchange Commission. 15 U.S.C. § 80b–3(a) (1964). Such registration involves full information about the applicant and its methods of operation. 15 U.S.C. § 80b–3(c). The reporting and record-keeping requirements are extensive, 15 U.S.C. § 80b–4; 17 C.F.R. § 275.204–2; and the substantive prohibitions of fraudulent and faithless actions are as explicit as the penalties are severe. 15 U.S.C. § 80b–6 & 7; 15 U.S.C. § 80b–17. If an investment adviser actually acquires physical custody of a client's assets, the segregation and handling requirements are strict, and the adviser is subject to

a surprise annual audit. 17 C.F.R. § 275.206(4)–2.

It is just possible, therefore, that the employees of Parker Pen Company are in no greater danger of having their pension assets diminished by reason of the dishonest investment advice emanating from appellant than they would be if this advice were supplied by a state bank which is either not bonded at all or in an amount less than that required by the Act, or which is not examined at all or only in a perfunctory manner.[3] In any event, appellee's exempting regulation is not constructed so as to give him an opportunity to compare these relative dangers. For all practical purposes, banks are declared outside the statute without reference to whether the character of the regulation applicable to a particular bank comports with either of the statutory standards by which Congress has said that the exemption of a particular plan is to be measured.

We do not say that the regulation is invalid as it stands. Neither we nor the District Court were asked to do this, and any such claim has not been raised and developed in a manner suitable for its wise resolution. We do say that the form in which the regulation is cast raises serious questions as to why one situated as was appellant was not also brought within its embrace. The District Court, as we have noted, did not comment in any way upon this aspect of appellant's case as alleged in its complaint. We reverse the grant of summary judgment to appellee, and remand in order that the District Court may address itself to this issue on the basis of such evidence as may be relevant to the reasonableness of appellee's action in exempting the banks but not appellant.

It is so ordered.

3. The stipulated facts recite that, except for four officers, appellant's employees are covered by a Blanket Honesty Bond issued by the Indemnity Insurance Company of North America. It is recited that this bond falls short of the bond requirements specified in the Act, but we note that appellee's exempting regulation comprehends banks with either no bonds at all or those which fall below the statutory prescription.