516 P.2d 704 (1973)
95 Idaho 647
In the Matter of the Death of Jack L. REICHERT.
June M. REICHERT, Claimant-Respondent, and
Mary Joanne Reichert, Claimant-Appellant,
v.
SUNSHINE MINING COMPANY, (Self-Insured) Defendant-Respondent,
Mary Joanne REICHERT, Appellant,
v.
C.J. HAMILTON, Administrator of the Estate of Jack L. Reichert, Deceased, Respondent.
Nos. 11277, 11380.
Supreme Court of Idaho.
December 11, 1973.
Scott W. Reed, Coeur d'Alene, for appellant Mary Joanne Reichert.
C.J. Hamilton, Coeur d'Alene, for respondent June M. Reichert and C.J. Hamilton.
Hull, Hull & Wheeler, Wallace, for respondent Sunshine Mining Co.
SHEPARD, Justice.
These cases, one an appeal from the State Industrial Commission, and one an appeal from a judgment of the district court of the First Judicial District for Shoshone County, were consolidated upon appeal. Both cases involve the claims of a person alleging to have been the "wife" of a deceased. The first case involves benefits resulting from the death of the deceased by way of the workmen's compensation law; the second case concerns claims *705 regarding the distribution of the estate of the deceased.
While there is but one set of facts applicable to both cases, the configuration is distinctly triangular. Jack Reichert, the deceased, commanded the affection of two women  his wife, June M. Reichert, from whom he was estranged, and the woman with whom he lived, Mary Joanne Strope (or, as she prefers to be called, Mary Joanne Reichert).
Jack and June Reichert were married in 1947 and raised four children. In January of 1968 Jack Reichert commenced an affair with Mary Joanne Strope, who at that time was also married. In June of 1969, evidently hoping to make a fresh start on their marriage, the Reichert family moved to Edmonton, Canada, but the new marital bliss lasted only three weeks. Thereafter, Jack Reichert sent his wife, June Reichert, and their children to live with June's parents. He promised that when he obtained funds he would send for his family, but never did. Shortly before Jack Reichert sent his wife away, Mrs. Strope appeared in Edmonton; after June Reichert left, Mrs. Strope almost immediately commenced living with Jack Reichert. In 1970, Reichert and Mrs. Strope moved to Wallace, Idaho, where they resided together until Reichert's death in the Sunshine Mine disaster of May 2, 1972. He died intestate.
During the time that Mrs. Strope and Jack Reichert lived together certain items of personalty were acquired, all in the name of Jack Reichert. One of these articles was a 1971 Buick automobile, which seems to have constituted the principal asset of Jack Reichert's estate and is the primary reason for the appeal from the decision of the district court. Mrs. Strope testified that a part of the sales price of the automobile was paid from her monies.
Meanwhile, June Reichert, who was living alone and supporting herself in Michigan, filed for divorce. Thereafter, the matter was evidently dropped; in any event, no decree of divorce was ever entered.
Following the death of Jack Reichert, an administrator was appointed who petitioned the court to award the entire estate to June M. Reichert pursuant to I.C. § 15-506. Mary Joanne Strope filed a creditor's claim against the estate and objected to the administrator's final account and petition for distribution. Following a hearing upon Mrs. Strope's objection, a magistrate ordered that the estate be shared equally between the two women. On appeal to the district court, the order of the magistrate was reversed, and it was ordered that the entire estate be distributed to June M. Reichert as the lawful widow. Mrs. Strope's creditor's claim, never having been the subject of a separate proceeding, was refused consideration by the district court.
In case No. 11277 both June Reichert and Mary Joanne Strope sought to obtain death benefits due under the statute for Jack Reichert's death in an industrial accident. I.C. §§ 72-412, 72-413. A hearing was held on these claims, and thereafter the State Industrial Commission found that June M. Reichert was the lawful widow living separate and apart from her husband for just cause (Jack Reichert's cohabitation with Mrs. Strope). I.C. § 72-410. It was accordingly determined that June Reichert was entitled to receive all workmen's compensation benefits. From that order of the State Industrial Commission and from the aforesaid order of the district court, Mary Joanne Strope has perfected this appeal.
Upon this appeal, Mrs. Strope presents certain theories  partnership, resulting trust, gift and unjust enrichment  upon which it is argued that she is entitled to some measure of recovery. We express no opinion as to the merits of such contentions. Such matters can be properly pursued only through the prosecution of a creditor's claim. A creditor's claim was presented on Mrs. Strope's behalf by filing, presumably pursuant to I.C. § 15-3-804(a), *706 a statement of the claim with the court. It is clear, however, that the filing of such a claim does not serve to initiate a proceeding since under either the Idaho uniform probate code, I.C. title 15, or the former law, an independent proceeding against an administrator must be commenced upon a disputed creditor's claim. No such proceeding was instituted, nor was any complaint referring to such creditor's claim ever lodged. Although the magistrate in the initial hearing and order alluded to the above theories, it is manifest that the cause was litigated upon the questions of intestate succession.
The principal contention advanced on behalf of Mrs. Strope is that she was the putative wife, the de facto wife and widow, of the deceased and was thus entitled to receive his estate and the benefits resulting from his death in an industrial accident.
In Idaho all property acquired during a marriage except "separate property" (that acquired by gift, bequest, devise or descent or that acquired with proceeds of separate property or the earnings of a wife living separate from her husband, I.C. § 32-903, I.C. § 32-909) are community property. I.C. § 32-906. If either husband or wife dies intestate, under either the uniform probate code (I.C. § 15-2-102) or the prior law of intestate succession (I.C. § 14-113), the surviving spouse takes all community property.
Where, as here, Jack Reichert had entered into a prior valid marriage with June Reichert which was undissolved during all this period of time, it is clear that a common law marriage status could not exist between Mrs. Strope and Jack Reichert.
Most of the cases cited by appellant are distinguishable from the case at bar because in those situations the dispute was typically between the cohabiting parties; the interests of a legal wife or widow were not involved. We are urged on behalf of the appellant to give heed to certain contemporary societal realities, "to tailor [our] decisions to the honest customs and practices of the real world" and "to treat the parties as Jack Reichert would have treated them." These "policy" considerations underlie most of the substance of Mrs. Strope's argument. In essence we are asked to ignore the fact that Jack Reichert occupied a legally valid marriage status at the time of his death and that he is survived by a person holding the status of a legal widow. We are also asked to ignore the statutory admonitions and fashion a remedy which would prefer the woman with whom he lived and supposedly loved to his legal widow. There exists no statutory vacuum of the sort which might lend itself to solution by reference to policy considerations. While, as urged by appellant, we might take judicial notice of a shift in the mores and morals of our society, it is clear that such has not been considered by the legislature to the point of changing the Idaho statutes governing intestate succession.
The above discussion is equally applicable to appellant's argument in regard to the ruling of the Industrial Commission on appellant's claim. I.C. § 72-410 provides in pertinent part:
"Dependents.  The following persons, and they only, shall be deemed dependents and entitled to income benefits under the provisions of this act:
* * * * * *
"(2) The widow only if living with the deceased or living apart from him for justifiable cause, ..." (Emphasis supplied)
Since Mrs. Strope is not the widow of Jack Reichert, she cannot be a beneficiary under the act, and the Industrial Commission had no authority to make an award to her. Awards for industrial injuries or death are legislative creations, and, as such, the legislature may designate beneficiaries.
Mrs. Strope argues that the Commission erred in finding that June Reichert was living apart from Jack Reichert for "justifiable cause." No appeal from the ruling of the Commission has been taken by the employer, Sunshine Mining Company. *707 Since appellant obviously is not a statutory beneficiary, she cannot be an interested party; therefore, she has no standing to contest the award to June Reichert.
We have considered the remainder of appellant's contentions and find them to be without merit.
The decisions of the district court in case No. 11380, and the decision of the Industrial Commission in 11277 are affirmed. Costs to the respondent.
DONALDSON, C.J., and McQUADE, McFADDEN and BAKES, JJ., concur.