(May 23, 1900.)

## NORTHWESTERN AND PACIFIC HYPOTHEEK BANK v. RAUCH.

[61 Pac. 516.]

SEPARATE PROPERTY—COMMUNITY PROPERTY.—Property purchased in the name of the wife, partly with funds of her separate estate, and partly with money borrowed during the existence of the community, is the separate estate of the wife, to the extent to which funds of her separate estate is used and community property to the extent to which such borrowed money is used in its purchase. As a rule, property purchased with the money borrowed by either spouse during the existence of the community, is community property.

MORTGAGE BY HUSBAND—WIFE'S FAILURE TO ACKNOWLEDGE.—The husband may encumber by mortgage, without the wife joining him, an undivided interest in lands not a homestead, nor used as a residence, which belongs to the community, although the wife may have a separate estate in said lands.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

George W. Goode and L. N. B. Anderson, for Appellants, cite no authorities upon the points decided.

Forney & Moore, for Respondent.

All property acquired after marriage and during the marital relations by either spouse is community property except such as is acquired by gift, bequest, devise or descent, and the rents and profits of the separate property of the wife, when by the instrument by which any separate property is acquired by the wife it is provided that the rents and profits thereof be applied to her sole and separate use. (Rev. Stats., secs. 2495-2497.) In the absence of evidence as to the law of another state, the presumption is that such law is the law of this state. (*Marsters v. Lash,* 61 Cal. 622; *Mortimer v. Marder,* 93 Cal. 172, 28 Pac. 814.) All property acquired by either the husband or wife or both during the matrimony by an onerous title or by joint lucrative title, is presumed to belong to the community until the contrary is established that the acquisition was made in one of the statutory ways for acquiring separate property. (Ballinger on Community Property, secs. 159-162, inclusive, and cases cited; *McDonald v. Badger,* 28 Cal. 394.)

QUARLES, J.—This action was brought by the respondent to foreclose a mortgage upon certain real estate. Judgment was rendered in favor of the respondent, from which the appellants appealed to this court; and upon said appeal said judgment was reversed by this court, principally upon the ground that the evidence shows that Margaret Rauch, wife of the mortgagor, A. Rauch, did not acknowledge such mortgage. (See *N. W. etc. Bank v. Rauch,* 5 Idaho, 752, 51 Pac. 764. Upon a retrial the district court found that the mortgaged property was at the time of the execution of the mortgage community property; and on this ground the court determined that the execution of the mortgage by the wife was unnecessary, and that the mortgage, having been executed and acknowledged by the husband, A. Rauch, was valid. Judgment of foreclosure was again entered in favor of respondent, from which the said mortgagors, A. Rauch and wife, appealed. The only new feature presented by this appeal is the question of the character of the estate of the wife in the mortgaged property. The title to said property is, and was at the date of the execution of the mort-

gage, in the wife, Margaret Rauch. After a careful considera-tion of the evidence in the record, we are fully convinced that the said finding of the court that the mortgaged property is and was community property is contrary to the evidence. The evidence shows that said mortgaged property was purchased at the sum of $2,750; that a portion of the purchase price, to wit, $745.60, was paid out of the loan made by respondent, to secure which the mortgage was given, and the balance, $2,004.40, was paid out of the separate estate of the wife—money which she inher-ited and received from her father's estate. Hence said finding is erroneous, and constitutes reversible error.

The court should have found the facts as above stated. The finding that the mortgaged property is community property is a conclusion of law, and not a statement of facts. It follows that the property was and is partly community property, and partly the separate estate of the wife, Margaret Rauch—that part purchased with the borrowed money, to wit, 745⅗-2750, or about .271 plus per cent of the mortgaged property. There is no showing whatever to the effect that the mortgaged prem-ises were at the date of the mortgage a homestead, or occupied by the mortgagors as a residence. Hence we must regard them as not being a homestead, or used as a residence. If a resi-dence, the wife's execution and acknowledgment of the mort-gage were necessary to its validity. Yet that is matter of de-fense, to be alleged and proven by the appellants. Under our statutes, community property, not a homestead or occupied as a residence, may be alienated or encumbered by the husband without the wife joining in the conveyance of encumbrance. If the mortgaged property was entirely community property, the mortgage would be valid. It must follow that, the said prop-erty being community property in part, the mortgage created a lien in favor of the respondent upon that portion which is community, but created no lien upon that portion thereof which is the separate estate of Mrs. Rauch. Judgment reversed, and the cause remanded for further proceedings consistent with this opinion. Costs awarded to appellants.

Huston, C. J., and Sullivan, J., concur.