372 P.2d 758

Betty Jane NICHOLS, Plaintiff-Appellant,

v.

Everett E. NICHOLS, Defendant-
Respondent.

No. 9082.

Supreme Court of Idaho.

June 28, 1962.

Sharp & Anderson, Idaho Falls, for respondent.

A. A. Merrill, Idaho Falls, for appellant.

SMITH, Chief Justice.

Appellant commenced this action seeking divorce from respondent, her husband, whom she married during September, 1955. Respondent by cross claim likewise sought divorce from appellant. Both alleged grounds of extreme cruelty.

The district court, at the conclusion of a trial, entered judgment granting the divorce to respondent, and decreeing settlement of the property interests of the parties. Appellant perfected an appeal from the judgment.

■ Appellant assigns error committed by the trial court in granting respondent the divorce, rather than appellant, asserting insufficiency of the evidence in the premises.

We have reviewed the evidence. Suffice it to say that while the evidence is conflicting, it is substantial and sufficient to support a finding that each party visited extreme cruelty upon the other. The trial court, in proper exercise of its discretion; adopted respondent's theory of the case and made its findings of fact accordingly, whereupon it decreed the divorce in favor of respondent.

In Gore v. Richard Allen Mining Co., 61 Idaho 622, 626, 105 P.2d 735, 736, this Court stated the rule:

"Where a trial court, sitting as a court of equity, makes findings of fact based upon conflicting evidence, and there is evidence to support both theories of the case, and from which reasonable men might draw different conclusions, such findings of fact will not be disturbed on appeal."

See also McCarty v. Sauer, 64 Idaho 748, 136 P.2d 742; Jones v. Adams, 67 Idaho 402, 182 P.2d 963; Freedman v. Hendershott, 77 Idaho 213, 290 P.2d 738. The assignment is without merit.

■ Next, appellant by her assignments raises the issue whether the trial court abused its discretion by its decree settling the property interests of the parties.

The court awarded the community property of the parties (other than the equity in the dwelling) as follows:

To appellant wife:

| | |
|---|---|
| Household furniture and effects | $ 2,000.00 |
| One-half Phillips Petroleum Company stock | 450.00 |
| One-half United States Series E Savings Bonds | 75.00 |
| Total | $ 2,525.00 |

To respondent husband:

| | |
|---|---|
| One-half Phillips Petroleum Company stock | $ 450.00 |
| One-half United States Series E Savings Bonds | 75.00 |
| Equity in 1959 Ford Station Wagon | 510.00 |
| Real property at Lucile, Idaho | 500.00 |
| Bank account | 535.00 |
| Total | $ 2,070.00 |

Additionally, the trial court required respondent to assume and pay an obligation of $1250.00, owing to respondent's mother, incurred for the benefit of the community, and all other community obligations, except items which appellant had incurred after commencement of this action which she agreed to pay.

The parties acquired a dwelling in Idaho Falls. The initial down payment of $2500.-00 on the purchase price was made by appellant from her separate funds. The total equity in this realty at the time of trial was $3,541.00. The trial court by its decree required this property to be sold within a year from the date of the judgment, July 11, 1961, and from the first proceeds of the sale, that appellant be reimbursed the $2500.00 by her paid on the purchase price.

I.C. § 32–712 provides:

"In case of the dissolution of the marriage by the decree of a court of competent jurisdiction, the community property * * * must be assigned as follows:

"1. If the decree be rendered on the ground of adultery or extreme cruelty, the community property must be assigned to the respective parties in such proportions as the court, from all the facts of the case and the condition of the parties, deems just."

Where the decree is rendered on any other ground, the community property is required to be divided equally.

The property, (other than the equity in the dwelling), was apportioned in favor of appellant by some $450. Under such circumstances, particularly in view of I.C. § 23–712, we are constrained to the view that the trial court did not abuse its discretion. Moreover, the trial court properly treated the dwelling as community property, with a separate property equity of $2500.00 therein in favor of appellant, and properly ordered the property sold. Davis v. Davis, 82 Idaho 351, 353 P.2d 1079. We find no merit in appellant's assignment relative to division of the property interests of the parties.

Appellant next contends that the trial court erred in refusing to grant alimony to appellant. The record shows that appellant worked regularly, at part time employment four to five hours per night, earning $100 per month over and above

deductions, and that she was physically able to work and earn income. She also received from a former husband child support money for her two children, ages 14½ years and 18 years respectively at the time of the trial, children of her former marriage. The allowance of alimony is a matter of discretion with the trial court, although such discretion is reviewable on appeal, in order to ascertain whether there has been an abuse of discretion. Smiley v. Smiley, 46 Idaho 588, 269 P. 589; Malone v. Malone, 64 Idaho 252, 130 P.2d 674.

Moreover, while I.C., § 32–706 provides that where a divorce is granted for an offense of the *husband* (which is not the situation here), the court may compel him to make suitable allowance to the wife for her support, nevertheless, as this Court has heretofore held, such section of the statute contains no restrictive language against allowance of alimony to a wife for whose fault a divorce was granted to the husband, and that the court in its discretion may make such an allowance. Good v. Good, 79 Idaho 119, 311 P.2d 756.

■ The evidence shows that $116.25 is required to be paid monthly on the contract for the purchase of the dwelling house of the parties. The court by a separate order required respondent to vacate the premises, allowing appellant and her children the use and occupancy thereof. The court by its decree required respondent to pay the monthly payments commencing as of July 1, 1961, until sale of the property, and thereupon that he be reimbursed in entirety for all such payments by him so made, before any distribution of the remaining funds be made to appellant, it being implicit in the decree that appellant and the children continue to occupy the dwelling until its sale.

The record, indicative of respondent's earnings, merits modification of this last mentioned provision of the decree, to the end that respondent be required to pay the monthly payments to become due on the purchase contract of the dwelling from and after July 1, 1961, during the year within which the decree provides that the dwelling shall be sold, and during such additional time as the trial court may further order for consummation of the sale, without the right of reimbursement to respondent from the proceeds of the sale of sums by him so paid; that appellant first be reimbursed $2500 from the proceeds of the sale and that the amount then remaining be awarded one-half to each of the parties. Such modification of the judgment will effect a measure of support pendente lite as well as temporary alimony in favor of appellant, and in effect answers appellant's specifications of error in those regards.

■ Appellant by her assignments contends that the trial court erred in allowing

only $227.60 attorney's fees for trial in the district court. This assignment does not reflect the provision of the decree which allowed plaintiff $250.00 attorney's fees. While the record reflects $22.40 paid as costs on behalf of appellant, we find no error in the court's failure to allow this item of costs.

■ Appellant assigns error of the trial court in failing to allow her attorney's fees and costs in prosecuting this appeal. The record shows that after judgment in this case, entered July 11, 1961, appellant made application to the court on August 7, 1961, for allowance of attorney's fees and costs on the appeal and that the court, August 11, 1961, entered an order of allowance therefor and directed respondent to pay the same; but the court reduced in some measure the amount which appellant had requested as attorney's fees, and entered its order accordingly. Appellant perfected her appeal herein August 15, 1961, only from the judgment entered July 11, 1961, and not from the aforesaid order made after judgment on August 11, 1961. We therefore find no merit in this assignment.

The judgment of the district court is modified as herein directed, and as so modified, is affirmed. Costs to appellant.

TAYLOR, KNUDSON, McQUADE and McFADDEN, JJ., concur.