515 P.2d 1017

In the Matter of the ESTATE of Dora H. PIERCE, a/k/a Dora H. Christie, Deceased.

Paul T. CLARK, Personal Representative of the Estate of Dora H. Pierce, Deceased, Plaintiff-Respondent,

v.

Polly A. KNOTT et al., Defendants-Appellants.

No. 11284.

Supreme Court of Idaho.

Nov. 7, 1973.

Daniel W. O'Connell of Ware, Stellmon & O'Connell, Lewiston, for defendants-appellants.

Paul C. Keeton and Dennis L. Albers, Lewiston, for plaintiff-respondent.

McFADDEN, Justice.

The defendants-appellants herein are the children of Dora H. Pierce, deceased. Paul T. Clark, respondent herein, is the personal representative of the estate of Dora H. Pierce. On December 4, 1972, the district court appointed respondent Clark as the representative of the estate. On February 1, 1973, the appellants filed their notice of appeal from the order of intestacy and appointment of administrator entered by the district court.

The respondent filed his motion to dismiss the appeal taken by appellants from the order of the district court. Respondent's motion to dismiss the appeal was taken on two grounds, (1) the order of intestacy and appointment of administrator is not a final order and hence not appealable, and (2) that the district court had previously decided the question of whether a personal representative should be appointed. This latter decision was in a form of an order dated November 28, 1972, denying the appellants' motion to quash or dismiss the original petition for adjudication and appointment of an administrator in the estate.

The parties agree that more than sixty days elapsed between the entry of the November 28, 1972 order and the filing of the appellant's notice of appeal; and that the order denying appellant's motion to quash or dismiss the original petition for adjudication is not before this court for consideration.

Respondent asserts that the November 28, 1972, order was the only order from which an appeal can be taken and that the appeal from the December 4, 1972 order of intestacy and appointment of administrator is a non-appealable order.

I.C. § 13–201 provides in pertinent part: "An appeal may be taken to the Supreme Court from a district court:

1. From a final judgment in an action or special proceeding in a district

court; from a judgment rendered on an appeal from an inferior court; * * * within sixty days after the entry of such judgment.

2. * * *."

I.C. § 17–201, contained in I.C. Title 17, Ch. 2, "Appeals in Probate Matters," (as amended by S.L.1971, Ch. 269, § 1) provides in pertinent part:

"An appeal may be taken to the district court of the county from a judgment, or order of the magistrates division of the district court in probate matters;

1. Granting, refusing or revoking, or refusing to revoke, letters testamentary, or of administration, or of guardianship.

2. * * *."

I.C.R. § 17–204 provides that appeals from the magistrates division to the district court shall be taken within thirty days after the order.

Here the district court and not the magistrates court assumed jurisdiction of this estate proceeding.[1] Had the case been handled in the magistrates division of the district court, pursuant to I.C. § 17–201, if either party was dissatisfied with the court's determination, an appeal could have been perfected from the magistrates division to the district court and then from the district court to this court under the provisions of I.C. § 13–201 providing for appeals within 60 days "from a judgment rendered on an appeal from an inferior court."

In considering both I.C. § 13–201 and I.C. § 17–201, it is worthy of note that both of these provisions were first enacted in 1881. From that time until January 11, 1971, (when the probate courts ceased to function, and the magistrates division of the district court was activated) all cases involving the probate of decedent's estates were handled by the probate courts. By enactment of I.C. § 17–201, the legislature intended that certain actions taken by the courts handling the settlement of decedent's estates were of such material consequence that it was essential that the decisions reached by the courts in those areas should be subject to review by a higher court regardless of whether such decisions were "final judgments" as provided by I.C. § 13–201.

Since enactment of the statutes abolishing the probate courts and providing for magistrate divisions of district courts, I.C. § 13–201 has not been amended. Under the statutes as they now exist, in effect, all litigation, probate of estates, guardianships, etc., are commenced in the district court, although certain types of cases may be assigned to magistrates whose judicial authority is limited. Nonetheless, an appeal may be taken from the final judgment of the magistrate to the district court, and from that court to this court.

When the district court assumed jurisdiction in this case under the provision of Rule 1 C 4 of the Second Judicial District (note 1), it was acting in the same capacity as if it had been hearing the case on appeal. Particularly under this provision of

---

1. I.C. § 1–2208 provides that subject to rules of the Supreme Court the district judges of a district may assign to magistrates of their district "(2) proceedings in the probate of wills and administration of estates of decedents, minors and incompetents."

By order of the Supreme Court of October 28, 1970, Rules for Magistrates Division of the District Court were adopted which included among other things Rule 24 authorizing district courts to assign to magistrates all matters designated by I.C. § 1–2208 (which includes decedent's estates). Rule 24 was, by

order dated May 26, 1972, amended in other particulars not pertinent here.

Pursuant to the Supreme Court rule and I.C. § 1–2208, the Second Judicial District adopted rules for the magistrates division of that court (later amended, January 1, 1972). These rules provide that lawyer magistrates were authorized to handle probate matters "except that * * * contested probate orders shall be assigned or otherwise heard by a district judge." Idaho State Bar Desk Book, Local District Court Rules and Calendars, Second Judicial District, Rule 1 C 4, p. 3 (2–72).

the Rules of the Second District, justice requires that this case be treated the same as if it were an "appeal from a judgment rendered on an appeal from an inferior court." I.C. § 13–201. By this determination this Court recognizes the appealability of those specific orders set out in I.C. § 17–201. Otherwise, litigants who have probate cases heard in the magistrate division of a district court would be receiving different consideration and treatment from litigants whose probate cases are heard *ab initio* in the district court. This determination is in accord with Idaho Const. Art. 5, § 26, which requires uniformity throughout the state of laws and the practices and proceedings of the courts.

It is the conclusion of this Court that the motion to dismiss the appeal should be denied. Order to issue.

DONALDSON, C. J., and SHEPARD, McQUADE and BAKES, JJ., concur.