555 P.2d 385

In the Matter of ESTATE OF
Orville FREEBURN, Deceased.

William Bruce FREEBURN et al., Plaintiffs-
Appellants,

v.

Lena Mae FREEBURN, acting Administra-
trix and Personal Representative of the
Estate of Orville Freeburn, Defendant-Re-
spondent.

No. 11851.

Supreme Court of Idaho.

Sept. 30, 1976.

Rehearing Denied Oct. 29, 1976.

James W. Givens, Lewiston, for appellants.

Frank V. Barton, Lewiston, for respondent.

SCOGGIN, District Judge (Retired).

This appeal is taken from the District Court's order approving the final accounting and from the decree of distribution for the estate of Orville Freeburn. His children objected to the district court's characterization of certain property as community property and to various aspects of the administratrix's accounting. We affirm the order and decree in part and modify it in part, and remand the case to the district court with directions.

Appellants make several assignments of error. One assignment of error relates to the accounting for certain monies received by the administratrix. The record shows that the district court resolved this issue favorably to appellants upon entering its final order and decree. All but one of the remaining assignments of error were expressly abandoned by appellants upon oral argument to the Court. For these reasons it is necessary for us to consider and decide only one issue on this appeal.

The facts essential to the issue on this appeal were presented to the district court and are before this Court upon a stipulation of the parties. Orville Freeburn died intestate in January of 1969 in Nez Perce County. He was survived by Lena Mae Freeburn, his second wife, and by the three children of his first marriage, William Bruce Freeburn, James Henry Freeburn and Elizabeth Ann Freeburn. Lena Mae Freeburn served as administratrix of the deceased's estate.

Orville and Lena Mae Freeburn were married in December of 1960. In August of 1963, they purchased the Hollywood Inn Motel in Lewiston, Idaho, for $219,059.53,

payable on $30,000.00 down and the balance in installments on their assumption of an escrow contract. In September of 1963, in order to make the downpayment, Orville executed by himself an unsecured promissory note with the National Bank of Commerce, Pomeroy, Washington, for $35,000.-00, due on October 1. In addition, he had an unrelated unsecured note with the same bank for $2,000.00, also due on October 1. One week after the execution of this note, Orville borrowed $40,000.00 from John Hancock Life Insurance Co. on a note secured by a mortgage on real property in Washington, which was Orville's separate property. The money from this loan was deposited with the Washington bank and applied to the outstanding sums due on the two unsecured notes. The stipulation of the parties states: "It is believed that the National Bank of Commerce, Pomeroy, Washington, had an oral assignment of the insurance company loan proceeds." We note that because of the parties' stipulation we are concerned here with only $30,000.00 of the $35,000.00 bank loan obtained by Orville. The record does not indicate what disposition was made of the remaining $5,000.00.

One annual installment of $1,000.00 was paid on the insurance company loan in 1964. The record does not reveal the source of that payment. In 1965, Orville sold his Washington real property, the buyer assuming the outstanding mortgage of $39,000.00, and used the proceeds to buy Spencer's Restaurant in Lewiston, Idaho, a business located next door to the motel bought in 1963. This purchase was made upon the terms of an option to purchase contained in the escrow contract on which the motel was purchased. At the time of the restaurant's purchase, Lena Mae Freeburn specifically disclaimed by written instrument any community property interest she may have had in the restaurant by virtue of the option.

During the course of the administration of the estate and upon objection by appellants to a proposed final accounting for the estate by the administratrix, the district court was presented with the question whether the motel was the community property of the decedent and Lena Mae Freeburn. In a memorandum opinion the district court held that at the time of acquisition the motel was presumed to be community property because it was purchased during marriage, and that the $35,000.00 unsecured loan was a community obligation which gave the community an interest of $30,000.00 in the motel. The district court also held that the fact that the decedent had paid off the first loan with the separate property proceeds of the second loan, did not change the character of the motel property from community to separate. The district court was unable to conclude on the record before it whether the decedent had intended to make a gift to the community of the $30,000.00 used to pay off the first loan by which the motel was acquired, or whether the decedent's separate estate was entitled to reimbursement from the community property to the extent of the $30,000.00 advance or extension of the decedent's separate credit. The final accounting and scheme of distribution approved in the order and decree appealed from here, were based on the district court's conclusion that the motel was entirely community property.

Appellants' contention is that the district court erred in holding that the motel was entirely community property. They argue that the original unsecured note from the proceeds of which the down payment was made, was in effect secured by the decedent's separate property because the repayment of that first loan was made out of the proceeds of the second loan secured by the decedent's separate real property as part of a single transaction. Appellants submit that the motel was the decedent's separate property to the extent of the $30,000.00 down payment.

Respondent argues that appellants did not raise this issue by objection at the final hearing on the proposed final accounting and decree of distribution, and there-

fore cannot present the issue for the first time on this appeal. This contention cannot be accepted as a review of the relevant probate procedure will demonstrate.

The administration of the decedent's intestate estate began in the probate court in 1969. After the magistrates division of the district court took over the functions of the probate courts on January 11, 1971, this case was assigned to a district judge as a contested case pursuant to local rule (Idaho State Bar Desk Book, Local District Court Rules and Calendars, Second Judicial District, Rule 1 C 4, p. 3(2–72)). The case was contested because appellants had objected to the administratrix's proposed final accounting.

I.C. § 17–201 enumerates the judgments and orders of the magistrates division of the district court in probate matters which are appealable to the district court. We have held that the uniform administration of the laws requires the same judgments and orders to be appealable to this Court when pursuant to local rule a contested probate matter is heard initially in district court. *In re Estate of Pierce*, 95 Idaho 625, 515 P.2d 1017 (1973). The decision whether property in a decedent's estate is community or separate property is not one of the judgments or orders listed in I.C. § 17–201. Therefore, since this type of decision is not appealable by statute from the magistrates division to the district court, *a fortiori* we are without authority to hold such decisions to be appealable orders to this Court within I.C. § 13–201, when pursuant to local rule a contested probate matter is heard initially in district court. The district court's order declaring the motel to be community property, entered upon the appellants' objection to the classification of the motel as community property in the administratrix's proposed final accounting, was not an appealable order.

The fact that the district court's decision here was not an appealable order does not deprive this Court of jurisdiction to review it. I.C. § 13–219 provides in

pertinent part: "Upon an appeal from a judgment the court may review the verdict or decision and *any intermediate order or decision, if excepted to, which involves the merits or necessarily affects the judgment, except a decision or order from which an appeal might have been taken . . ."* (Emphasis supplied.) Appellants took exception to the intermediate, non-appealable order of the district court. While the record shows that appellants did not again formally raise their objection at the final hearing on the proposed final accounting and decree of distribution, after the district court had decided the question adverse to them, the record is clear that appellants adhered throughout the proceedings to their objection to an accounting based upon the district court's conclusion. It was not necessary for appellants to object at the final hearing to reserve their exception to the district court's order for purposes of an appeal; moreover, at that point in the proceedings it would have been futile to do so, since the district court had already decided the characterization question.

The district court's decision on the character of the motel did not conclude whether the $30,000.00 advanced from the decedent's separate estate was a gift to the community or a loan. The district court's final order approving the final accounting and decree of distribution also did not account for ˚or distribute the $30,000.00. However, the effect of this omission in the final order was to distribute the $30,000.00 as a gift to the community. Orders distributing an estate are appealable from the magistrates court to the district court, I.C. § 17–201(7), and are therefore appealable from the district court to this Court, *In re Estate of Pierce, supra.* Appellants timely appealed from the district court's final order, and the issue is thus properly before this Court for decision.

We begin, as the district court did, with the presumption that property acquired by a husband and wife during marriage is community property. *Speer v.*

*Quinlan,* 96 Idaho 119, 131, 525 P.2d 314, 326 (1974). This presumption applies to all property, including property purchased with money borrowed by either spouse during the existence of the community. *Chaney v. The Gould Co.,* 28 Idaho 76, 84, 152 P. 468, 471 (1915); *Northwestern & Pacific Hypotheek Bank v. Rauch,* 7 Idaho 152, 153–4, 61 P. 516, 516–17 (1900). The presumption also applies to money obtained on an unsecured note executed by one of the spouses during marriage. *Simplot v. Simplot,* 96 Idaho 239, 246, 526 P.2d 844, 851 (1974). The presumption is rebuttable. The party asserting the separate property character of property bears the burden of proving the property is separate with reasonable certainty and particularity. *Speer v. Quinlan, supra,* 96 Idaho at 131, 525 P.2d at 326; *In re Estate of Cooke,* 96 Idaho 48, 58, 524 P.2d 176, 186 (1974); *Stahl v. Stahl,* 91 Idaho 794, 797, 430 P.2d 685, 688 (1967).

We have recognized that property acquired during marriage may be part community and part separate in character if the source of the property acquired is part community and part separate. *Nichols v. Nichols,* 84 Idaho 379, 382, 372 P.2d 758, 760 (1962); *Gapsch v. Gapsch,* 76 Idaho 44, 56, 277 P.2d 278, 285, 54 A.L.R.2d 416 (1954); *Northwestern & Pacific Hypotheek Bank v. Rauch, supra.* Appellants assert that part of the funds used in the acquisition of the motel is traceable to decedent's separate property. The proceeds of the loan secured by a mortgage on the decedent's separate property were the decedent's separate property. I.C. § 32–903; *Lepel v. Lepel,* 93 Idaho 82, 86, 456 P.2d 249, 253 (1969). It is appellants' contention that the motel is the decedent's separate property to the extent of the $30,000.00 which the decedent expended from his separate estate to pay off the first loan made on the unsecured note, from the proceeds of which the down payment on the motel was made. In support of this position appellants cite authorities for the rule that the presumption of com-

munity property can be rebutted when the source of property can be traced to identifiable separate property. *See, e.g., Stahl v. Stahl, supra,* 91 Idaho at 797–98, 430 P.2d at 688–89. The stipulation of the parties recites that they "believed" the bank had an oral assignment of the proceeds of the second loan. This does not constitute sufficient evidence to trace the funds used to acquire the motel to the decedent's separate estate.

The character of an item of property as community or separate vests at the time of its acquisition. *Boesiger v. De Modena,* 88 Idaho 337, 346, 399 P.2d 635, 640 (1965); *Vanek v. Foster,* 74 Idaho 532, 540, 263 P.2d 997, 1002 (1953); *Morgan v. Firestone Tire & Rubber Co.,* 68 Idaho 506, 515, 201 P.2d 976, 981 (1948). The motel is presumed to be community property because it was acquired during marriage. The money acquired by the decedent on the unsecured note to make the cash down payment on the motel is presumed to be community property. *Simplot v. Simplot, supra.* On facts similar to those here, this Court has concluded: "Since the community was liable for the money borrowed to make said first payment, and also for the payment of the balance due on the land, said land was community property . . . ." *Chaney v. The Gould Co., supra,* 28 Idaho at 85, 152 P. at 471. Appellants had the burden of overcoming the presumption of community property. The only evidence presented to the district court was the stipulation of facts. The fact that the two loan transactions were executed within one week and the statement that the parties "believed" the bank had an oral assignment of the proceeds of the second loan, are the only items which suggest the inference that the decedent's separate estate was the source of the $30,000.00 down payment on the motel. The district court did not draw the inference for which appellants argued. The parties indicated in oral argument that no evidence is available beyond that contained in the stipulation of facts. Under these circumstances we are unable to hold

that the district court erred in its conclusion that the motel is community property in its entirety. The evidence was not sufficient to show with reasonable certainty and particularity that the decedent's separate estate was the intended source of funds for the acquisition of the motel.

 The district court should, however, have required the administratrix to account for the expenditure of $30,000.00 from the decedent's separate estate for the benefit of the community. Although the payment of the $30,000.00 to satisfy the unsecured note did not alter the community property character of the motel, we hold that the decedent's separate estate is entitled to reimbursement of the amount expended. *See Nichols v. Nichols, supra,* and *Gapsch v. Gapsch, supra; cf. Fisher v. Fisher,* 86 Idaho 131, 135–6, 383 P.2d 840, 842–43 (1963). The party asserting that a gift was made or intended for the benefit of the community estate bears the burden of proving all the elements of a gift by clear and convincing evidence. *In re Estate of Bogert,* 96 Idaho 522, 526, 531 P.2d 1167, 1171 (1975); *Idaho First Nat. Bank v. First Nat. Bank of Caldwell,* 81 Idaho 285, 293, 340 P.2d 1094, 1098 (1959). There is insufficient evidence that the decedent intended to make a gift of the $30,000.00 to the community. The $30,-000.00 to be reimbursed to the decedent's separate estate shall be distributed to the decedent's heirs in the same proportions as the district court used in distributing the remainder of the decedent's separate estate.

The case is remanded to the district court with directions to modify the final order and decree of distribution in conformity with the opinion above, and as modified the final order and decree of distribution are affirmed. Costs to appellants.

McFADDEN, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.