620 P.2d 773

**In the Matter of the ESTATE OF Orville FREEBURN, Deceased.**

**James H. FREEBURN, William Bruce Freeburn and Elizabeth Freeburn, Heirs, Appellants,**

v.

**Lena Mae FREEBURN, Administratrix–Personal Representative of the above Estate, Respondent.**

**No. 13038.**

Supreme Court of Idaho.

Dec. 8, 1980.

James W. Givens, Lewiston, for appellants.

Frank V. Barton, Lewiston, for appellee.

McFADDEN, Justice.

Appellants are children of the decedent Orville Freeburn by a prior marriage, namely, William Bruce Freeburn, James Henry Freeburn and Elizabeth Ann Freeburn (hereinafter Freeburn children). Respondent Lena Mae Freeburn is the administratrix and personal representative for the estate of Orville Freeburn, deceased, and

the surviving spouse of the decedent. Appellant Freeburn children are challenging the district court's estate closing order modifying an earlier order approving the final accounting and decree of distribution for the estate of Orville Freeburn. The district court modification of its earlier order was made necessary by the court's decision in the predecessor to this appeal, *Freeburn v. Freeburn*, 97 Idaho 845, 555 P.2d 385 (1976) (*Freeburn 1*). We affirm the estate closing order of the district court.

The facts initially giving rise to this appeal are set out and discussed with considerable particularity in *Freeburn 1*, at 97 Idaho 846–47, 555 P.2d 386–387, and need only be briefly reviewed. The dispute there concerned the status as separate or community property of the Hollywood Inn Motel, located in Lewiston, Idaho. This property was purchased by Orville Freeburn in August of 1963 while married to Lena Mae Freeburn. Orville used the proceeds from an unsecured promissory note executed in September of 1963 to make the $30,000 down payment on the motel. The balance of the installments on the escrow contract were to be paid by the community. The amount due under the unsecured promissory note was repaid one week after execution with proceeds from a loan secured by Orville's separate property. The separate property securing this loan was sold in 1965 and Orville used the proceeds to purchase Spencer's Restaurant, which is adjacent to the Hollywood Inn Motel. His wife, Lena Mae Freeburn, disclaimed by written instrument any community property interest she may have had in the restaurant.

Orville Freeburn died intestate in January 1969, in Nez Perce County.

On December 4, 1974, the administratrix and personal representative of decedent's estate, Lena Mae Freeburn, filed an amended petition for final settlement and distribution of the estate. The petition set forth all assets of the estate and included an accounting for sums received and disbursed during administration of the estate. Also incorporated in the petition were descriptions of decedent's property. The description classified the Hollywood Inn Motel as community property.

The Freeburn children objected to the proposed final accounting and distribution of the estate, arguing that the motel was part of decedent's separate estate and that various aspects of the administratrix's accounting were improper. The district court rejected these contentions, entering its order approving the final accounting and decree of distribution on December 19, 1974.

On appeal the court affirmed the district court's conclusion that the motel was community property in its entirety. *Freeburn 1, supra*, at 97 Idaho 849–850, 555 P.2d at 389–90. The court also found that the various aspects of the administratrix's accounting were proper, but with one exception: decedent's separate estate should have been awarded a right of reimbursement for the separate funds ($30,000) used to satisfy the unsecured note serving as the down payment on the motel. 97 Idaho at 850, 555 P.2d at 390. This court remanded the case to the district court, directing it to modify the order approving the final accounting and decree of distribution to provide for returning the sum of $30,000 to decedent's separate estate, with the distribution of this sum between the surviving spouse Lena Mae Freeburn and the Freeburn children to be in the respective proportions of one–third and two–thirds. We note that the motel was sold during the pendency of the appeal in *Freeburn 1*. The sale took place in December of 1975.

Pursuant to the court's decision in *Freeburn 1* the administratrix made application on December 12, 1977, to the district court for the entry of an order modifying the final accounting and decree of distribution. The accounting submitted by the administratrix reflected the status of decedent's estate from December 1974 until the date of the application. During this time period, the decedent's separate real property, Spencer's Restaurant, was sold by the administratrix for a cash price which was divided one–third to the surviving spouse and two–thirds to the Freeburn children. The administratrix deposited in the dece-

dent's separate estate $30,000 from her share, as surviving spouse, of the proceeds from the sale of the restaurant. This sum was included in the accounting as part of decedent's separate estate.

Having acquired sufficient funds to reimburse the estate of Orville Freeburn as required by *Freeburn 1*, the administratrix caused the necessary adjustments to be made in the inheritance tax liability by reason of the addition of $30,000 to decedent's separate estate. The accounting further reflected expenditures to the Idaho State Tax Commission and the Internal Revenue Service in payment of tax on rent from the restaurant and earnings from funds in savings deposits. Expenditures for accountant fees and attorney fees in connection with the management of the decedent's estate were also included within the accounting.

On January 12, 1978, the district court entered an order modifying the order approving the final accounting and decree of distribution for the estate of Orville Freeburn. However, a subsequent accounting and petition for distribution were made necessary by reason of proceedings arising from the objections of the Freeburn children to the January 12, 1978, order. Thus, on May 5, 1978, the administratrix again filed another accounting and petition for distribution with the district court. The accounting and petition for distribution brought the financial accounting up to date, included the sum of $30,000 as reimbursement to decedent's separate estate as required by *Freeburn 1*, and included said sum in the annexed schedule for distribution. The application also reflected the fact that the accounting filed December 17, 1977, inadvertently had charged and listed as disbursements in April of 1975, state income tax and federal income tax payments in the amount of $3,798.33 over the amount to be properly charged against the estate. The error was discovered and a correction was made by crediting the Freeburn children in the sum of $1,266.11 each.

A hearing was held on the above accounting and petition for distribution on May 25, 1978, at which time the Freeburn children appeared and moved for a continuance to file objections. Continuance to June 1, 1978, was granted on the condition that the expenses of the administratrix and fees of her attorney resulting from the continuance would be assessed against the Freeburn children at the conclusion of the June 1, 1978 hearing. Following this hearing, on June 2, 1978, the district court entered its "Estate Closing Order," denying the objections of the Freeburn children, finding the accounting of May 5, 1978 to be proper, directing distribution of the decedent's estate's assets in accordance with the petition for distribution, and allowing the administratrix certain out of pocket expenses and attorney fees arising out of the continuance. Following entry of this order, the Freeburn children perfected the instant appeal.

■ Appellants present numerous issues on appeal. A number of the issues presented on appeal relate to the propriety of disbursements made by the administratrix to: (1) the Idaho State Tax Commission and Internal Revenue Service in payment of state and federal taxes for the years 1974 and 1977 allegedly chargeable to decedent's estate; and (2) to the accountant and attorney retained by the administratrix for their services in the administration of decedent's estate. Appellants also object to the district court's allowance of out of pocket expenses and attorney fees to the administratrix arising from its granting of appellant's motion for a continuance at the May 25, 1978 hearing. The record shows that the district court resolved these issues favorably to respondent upon entering its estate closing order. Appellants state no propositions of law nor cite us to any authorities in their brief or at oral argument in support of their position that the district court erred in its resolution of these issues. It is well settled that where issues presented on appeal are not supported by propositions of law or authority, and for which no argument is made, they will not be considered on appeal. *Bolen v. Baker*, 69 Idaho 93, 203 P.2d 376 (1949); *Nelson v. Johnson*, 41 Ida-

ho 703, 243 P. 649 (1925); *Gustin v. Byam*, 41 Idaho 538, 240 P. 600 (1925). Moreover, a review of the record below leads us to conclude that the district court did not err in its resolution of the aforementioned issues.

Thus, it is necessary for us to consider and decide only one issue on this appeal: did the district court's action in approving the administratrix's accounting and petition for distribution accord with the court's decision in *Freeburn 1*. Therein the court specifically held:

"The district court should, however, have required the administratrix to account for the expenditure of $30,000.00 from the decedent's separate estate for the benefit of the community. Although the payment of the $30,000.00 to satisfy the unsecured note did not alter the community property character of the motel, we hold that the decedent's separate estate is entitled to reimbursement of the amount expended. (citations omitted) .... The $30,000.00 to be reimbursed to the decedent's separate estate shall be distributed to the decedent's heirs in the same proportions as the district court used in distributing the remainder of the decedent's separate estate." 97 Idaho at 850, 555 P.2d at 390.

By this holding the administratrix on remand was required to reimburse the decedent's separate estate in the amount of $30,000, to bring this sum into her accounting of decedent's separate estate, and to show a proposed distribution of said sum to herself as the surviving spouse and the appellant Freeburn children as the heirs in the respective proportions of one–third and two–thirds.

■ Our review of the record below leads us to conclude that the requirements of *Freeburn 1* have been fully complied with on remand. The administratrix sold the decedent's separate real property, Spencer's Restaurant, for a cash price which was divided one–third to the surviving spouse and two–thirds to the appellant Freeburn children. The administratrix deposited in the decedent's separate estate $30,000 from her share as the surviving spouse of the proceeds from the sale of the restaurant. Beginning with the application filed on December 12, 1977, and continuing to and including the accounting and petition for distribution filed on May 5, 1978, the administratrix included the sum of $30,000 in the decedent's separate estate and thereby accounted for the same.

■ The decision in *Freeburn 1* did not require, as appellants contend, an accounting of the sale of the motel, the price obtained, and the increment of increased represented thereby as it relates to the $30,000 the administratrix was required to account for and reimburse decedent's separate estate. That is, appellants argue that to the extent of their interest in the $30,000 they had an interest in the motel. Appellant's contention is totally inconsistent with and a misreading of the court's determination in *Freeburn 1* "that the motel is community property in its entirety." 97 Idaho at 849–850, 555 P.2d at 389–390. It is axiomatic that upon the decedent's death, title to the community property vested in the administratrix as surviving spouse. I.C. § 15–2–102(b)(1); *In re Reichert,* 95 Idaho 647, 516 P.2d 704 (1973). As absolute owner of the motel, the surviving spouse in her role as administratrix was under no obligation to account to the heirs for her sale of the motel, rentals received from the motel, or any other disposition she might have chosen to make of the motel.

The district court's estate closing order is affirmed. The requests of both parties for attorney fees on appeal are denied. Costs to respondent.

DONALDSON, C. J., and SHEPARD, BAKES and BISTLINE, JJ., concur.