790 P.2d 1388

J. Michael KINSELA,
Plaintiff–Appellant,

v.

STATE of Idaho, DEPARTMENT OF
FINANCE, Defendant–Respondent.

STATE of Idaho, ex rel., Belton J. PAT-
TY, Director of the Department of Fi-
nance, Counterclaimant–Respondent,

v.

J. Michael KINSELA,
Counterdefendant–Appellant.

No. 17652.

Supreme Court of Idaho.

April 13, 1990.

James M. Kinsela, Kimberly, pro se plaintiff-appellant.

Honorable Jim Jones, Atty. Gen., Fred C. Goodenough, Deputy Atty. Gen., Boise, for defendant-respondent.

McDEVITT, Justice.

J. Michael Kinsela was contacted by the State of Idaho Department of Finance after he ran two commercial advertisements in the local Yellow Pages and circulated stationary representing himself as a "registered investment adviser." The Department of Finance informed Kinsela that he was required to register under Idaho law as an investment adviser, and that in the interim the Department would inform members of the public who inquired that Kinsela was not a registered investment adviser. Kinsela filed an action for a declaratory judgment that he need not register as an investment adviser under Idaho state law. The State Department of Finance counterclaimed for an injunction to prevent Kinsela from transacting business as an investment adviser in Idaho without being registered under Idaho law.

The State Department of Finance filed a motion for summary judgment. The motion was based on the facts contained in the answers to the complaint and counterclaim, requests for admissions and stipulations of the parties. Those sources establish that Kinsela is licensed to practice law in Idaho, and is registered as an investment adviser with the United States Securities and Exchange Commission under the Investment Advisers Act of 1940. However, he is not licensed by the state of Idaho as a broker-dealer, nor is he registered with the Department of Finance as an investment adviser. He has acted as an investment adviser in that he has clients who have paid him for investment advice he has given to them directly, and this business has been separate and apart from his practice of law.

The district court granted the State's motion for summary judgment, and issued a permanent injunction against Kinsela, forbidding him from holding himself out or transacting business as an investment adviser in Idaho until he was duly registered with the State Department of Finance. Kinsela appeals that order.

## I.

## VALIDITY OF THE STATUTE REQUIRING STATE REGISTRATION OF INVESTMENT ADVISERS.

Kinsela argues that the state statute governing the application procedure for registration of investment advisers, I.C. § 30-1407, is invalid under the Idaho Constitution and federal law.

■ Art. 3, § 16 of the Idaho Constitution requires that legislative acts shall embrace only one subject and matters properly connected therewith, and that the subject must be expressed in the title of the statute. Having examined the statute, its title and contents, we conclude that I.C. § 30-1407 is in compliance with that constitutional provision.

■ Kinsela also asserts that 15 U.S.C. § 80b-1 invalidates I.C. § 30-1407. That federal statute embodies a congressional finding and declaration that investment advisers are a subject of national concern. We fail to see how that provision has the effect of invalidating a state statute requiring registration of investment advisers. To the extent that Kinsela is arguing that the registration requirement violates the Supremacy Clause or the Commerce Clause, those issues are discussed below.

## II.

## EXEMPTION FROM REGISTRATION UNDER IDAHO SECURITIES ACT.

Idaho Code § 30-1406 forbids transaction of business as an investment advisor or broker dealer under the Idaho Securities Act ("the Act"), unless one is registered as an investment adviser with the state, or qualifies for a statutory exemption. "Investment adviser" is defined in I.C. § 30-1402(6) as "any person who, for compensation, engages in the business of advising others ... as to the value of securities

or as to the advisability of investing in, purchasing, or selling securities...." In the facts stipulated by the parties, it is conclusively established that Kinsela has held himself out to the public as a "registered investment adviser," and that he has had clients who have paid him for investment advice which he has given to them directly.

■ Kinsela argues that he does not transact business as an investment adviser because he only gives advice, and does not offer securities for sale. He cites Rule 30(a), an administrative regulation promulgated by the Department of Finance, which provides that "transacting business" under I.C. § 30–1406 includes only the sale of or contract to sell securities for value. This definition is in direct conflict with the statutory definition in I.C. § 30–1402(6). The district court held that to the extent that the definition contained in Rule 30(a) of the transaction of business by an investment adviser conflicts with the statutory definition, the statute would govern. We agree. An administrative regulation is of no force and effect to the extent that it conflicts with an applicable statute. *Pumice Products, Inc. v. Robison,* 79 Idaho 144, 312 P.2d 1026 (1957). The only authority cited by Kinsela to the contrary, *White v. Pierce,* 628 F.Supp. 932 (D.Idaho 1986), is not on point, for the court in that case did not find that the state regulation and federal statute in question were in direct conflict.

■ Thus, Kinsela falls under the statutory definition of "investment adviser," and is subject to the registration requirement of the Act unless he can prove that he is entitled to a statutory exemption. The burden of proving an exemption rests upon the person claiming it. I.C. § 30–1456.

Kinsela argued before the district court that he was entitled to an exemption under I.C. § 30–1435. When asked by the court to specify the subsection(s) of that statute upon which he was relying, Kinsela asserted that he was entitled to an exemption under subsection (11), which provides that the registration requirement of the Idaho Securities Act shall not apply to "any offer, but not a sale, of a security for which registration statements have been filed under both this act and the Securities Act of 1933...." Again, the stipulated facts establish that Kinsela has clients who pay for his investment advice, and that he consults with his clients on the advisability of the purchase and sale of shares in registered investment companies (mutual funds). The district court correctly noted that:

> The 1435(11) exemption is limited in scope. It relates only to offers (and not sales) of securities registered under Idaho and Federal law. Mr. Kinsela's business has nothing to do with offering registered securities; it has to do with advising clients to purchase or sell registered securities. Since his investment adviser activities do not relate to the actual offer of securities, § 1435(11) does not exempt Mr. Kinsela and his activities from [the registration requirement].

Memorandum and Order, July 18, 1988. We affirm the district court's decision that I.C. § 30–1435(11) does not exempt Kinsela from the registration requirement.

■ Kinsela also argued in his appellate brief that he is entitled to an exemption under I.C. § 30–1434(8). That section, in conjunction with I.C. § 30–1402(6)(e), excludes from the definition of "investment adviser" persons whose advice relates only to securities themselves exempt from state registration requirements, as when they are listed or approved for listing on any stock exchange registered with the United States Securities and Exchange Commission. The simple answer to Kinsela's claimed exemption on this ground is that it was not raised in the trial court, but was argued for the first time in Kinsela's brief on appeal. An issue not raised in the court below will not be considered on appeal. *State ex rel. Evans v. Click,* 102 Idaho 443, 631 P.2d 614 (1981); *Manookian v. Blaine County,* 112 Idaho 697, 735 P.2d 1008 (1987).

The disposition of Kinsela's asserted exemption under I.C. § 30–1434(8) also governs Kinsela's argument for an exemption under I.C. § 30–1434(7)(b). Not only did Kinsela fail to raise this argument below, it was not mentioned on appeal until Kinsela

filed his reply brief. This Court will not consider arguments raised at such a belated stage of the proceedings.

Therefore, we conclude that Kinsela has not met the burden of proving that he is entitled to any statutory exemption to the state registration requirement under the Act.

## III.

### EXEMPTION FROM STATE REGISTRATION BY VIRTUE OF REGISTRATION UNDER FEDERAL LAW.

■ We note at the outset that Kinsela's briefs on this issue lack a certain degree of perspicuity. Such was the disarray and confusion of Kinsela's arguments on the interrelation of the state and federal laws, that we are tempted to rely upon the State's assertion that where issues are not supported by (coherent) authority or argument, they will not be considered on appeal. *In the Matter of Freeburn's Estate,* 101 Idaho 739, 620 P.2d 773 (1980). However, to the extent that Kinsela's arguments are discernible, we forge ahead.

The issue is whether the fact that Kinsela is registered under the Federal Investment Advisers Act of 1940 and the regulations of the Securities and Exchange Commission exempts him from registration under the Idaho Securities Act. Kinsela apparently argues that the Supremacy Clause prevents the States from requiring registration of investment advisers where the federal government also provides for their registration. In support of this argument, he cites *Fiduciary Counsel, Inc. v. Wirtz,* 383 F.2d 203 (D.C.Cir.1967), where the court stated that investment advisers are of national concern and that the regulatory scheme of the Investment Advisers Act is comprehensive. If Kinsela is arguing that the *Wirtz* holding establishes that Congress intended to occupy the field of securities regulation, the argument is without merit. Congress has specifically stated that the Investment Advisers Act of 1940 shall not affect the jurisdiction of the states over "any security or any person insofar as it does not conflict with the

provisions of this subchapter...." 15 U.S.C. § 80b–18a. If that explicit language were not enough, the legislative history of the statute provides that the purpose of the amendment was to "express clearly the concurrent jurisdiction in the area of investment advisers, in view of the important role which State authorities must play in the supervision of securities." S.Rep. No. 1760, 86th Cong., 2d Sess., *reprinted in* 1960 U.S.Code Cong. & Admin. News 3502, 3511. Finally, in the context of another federal statute, section 28(a) of the Securities and Exchange Act of 1934, the United States Supreme Court construed language virtually identical to the above quoted statute as intended to protect state authority over securities regulation. *Leroy v. Great W. United Corp.,* 443 U.S. 173, 182, n. 13, 99 S.Ct. 2710, 2716, n. 13, 61 L.Ed.2d 464 (1979). *See also, Marketlines v. Chamberlain,* 63 Ill.App.2d 274, 211 N.E.2d 399 (1965) (holding that federal law did not preempt state regulation of investment advisers).

Other than preemption by Congress' "occupation of the field," other possible applications of the Supremacy Clause include situations where state and federal regulations are in conflict, or where the application of the state law hinders the purpose of the federal law. Kinsela has not offered any argument or authority on this point, and so we decline to discuss it further.

There is some indication from Kinsela's brief that he intended to raise an issue concerning the Commerce Clause. However, if indeed an argument was intended, the meager allusion to interstate commerce was not followed by further reasoning or authority, and thus we are not in a position to evaluate it. *In the Matter of Freeburn's Estate,* 101 Idaho at 739, 620 P.2d 773.

## IV.

### AWARD OF COSTS AND ATTORNEY FEES.

■ The arguments made by Kinsela on appeal were made without foundation. The propositions of law asserted were not

supported by authority. To the contrary, there is ample authority contradicting Kinsela's position, and no argument was made for changing the existing state of the law. The only issues which could possibly have been decided in Kinsela's favor were raised for the first time on appeal, and so could not be considered by this Court. Therefore, we award attorney fees to the State as the prevailing party on appeal. I.C. § 12–121; *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979); I.A.R. 41. Costs are also awarded to the State.

BAKES, C.J., and BISTLINE, JOHNSON and BOYLE, JJ., concur.