H. James Magnuson, Witherspoon, Kelly, Davenport & Toole, Coeur d'Alene, ID, for trustee.

**In re Veonna L. McCARRON, Debtor.**

**In re Joseph P. McCARRON, Debtor.**

**Bankruptcy Nos. 93–00245–7, 93–01133–7.**

United States Bankruptcy Court, D. Idaho.

May 28, 1993.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

ALFRED C. HAGAN, Chief Judge.

Veonna L. McCarron and Joseph P. McCarron, wife and husband, apparently happily married and living together, have each filed a chapter 7 petition in this Court. Veonna L. McCarron filed her petition first, on February 2, 1993. Joseph P. McCarron filed his chapter 7 petition on April 19, 1993.

The standing trustee in both chapter 7 cases, Ford Elsaesser, has moved in both cases for the turnover of a 1985 Porsche 944 automobile.

After a hearing on May 20, 1993, the turnover order was conditionally granted. Remaining for determination, however, is the community or separate property status of the ownership of the automobile.

Both debtors contend the automobile is the separate property of Joseph P. McCarron. The debtors contend Veonna L. McCarron gave her interest in the automobile to Joseph P. McCarron by way of a gift. No writing evidences such a gift. The automobile is further subject to a security interest in Harold Smith, counsel for both debtors, that apparently was granted by debtor Joseph P. McCarron after the filing of Veonna L. McCarron's petition.

" 'Transmutation is a broad term used to describe arrangements between spouses which change the character of property from separate to community and vice versa.' " *Stockdale v. Stockdale*, 102 Idaho 870, 643 P.2d 82, 84 (Idaho App.1982) (quoting W. Reppy & W. DeFuniak, *Community Property in the United States* 421 (1975)). Property acquired by a husband or wife during the marriage is presumed to be community property. *Freeburn v. Freeburn (In re Estate of Freeburn)*, 97 Idaho 845, 555 P.2d 385, 388 (Idaho 1976). A party asserting that property was transmuted by a gift from one spouse to the other bears the burden of showing all elements of a gift by clear and convincing evidence. *See Freeburn, supra*, 555 P.2d at 390 (where husband's separate property was used for the benefit of the community, party asserting that the separate property was intended as a gift to the community must prove the elements of a gift by clear and convincing evidence); *Smith v. Bogert (In re Estate of Bogert)*, 96 Idaho 522, 531 P.2d 1167, 1171 (Idaho 1975) (to demonstrate community property was transmuted to joint tenancy with right of survivorship, party bears burden of showing intention to make a gift by clear and convincing evidence).

The automobile is community property. It was acquired during the marriage, with presumptively community funds. Insufficient evidence has been shown to recite the "clear and convincing" standard.