856 P.2d 1287

Caroline P. PALMER, Plaintiff–Appellant,

v.

David R. SAMUELSEN, Defendant–Respondent.

No. 19758.

Court of Appeals of Idaho.

July 30, 1993.

William H. Ball, Boise, for appellant.

Cosho, Humphrey, Greener & Welsh, Boise, for respondent. Max A. Eiden, Jr., argued.

SILAK, Acting Judge.

Caroline Palmer (Palmer) appeals from the district court's order granting summary judgment to David R. Samuelsen (Samuelsen) in a legal malpractice claim. Palmer's claims against Samuelsen arose out of a divorce proceeding in which Samuelsen was her attorney. Palmer argues that there were genuine issues of material fact concerning her claim that Samuelsen was negligent when he drafted a power of attorney and failed to provide sufficient options to recover her $20,000 separate property invested in the community's townhouse.

## FACTS

Palmer and Ralph E. Fouch (Fouch) were married on December 31, 1986. During the

marriage Palmer used $20,000 of her separate property as a down payment on a townhouse for the community and also made other loans to Fouch one of which was for his purchase of an individual retirement account (IRA). Differences arose in the marriage and Palmer moved out in June 1988. At this time Palmer consulted Samuelsen concerning a divorce from Fouch and a post-nuptial agreement was drafted. After two months Palmer reconciled with Fouch and the divorce was put on hold. This reconciliation lasted only a short time; the divorce proceedings were reinstituted, the post-nuptial agreement was finalized and the divorce was granted on November 23, 1988.

On November 22, 1988, pursuant to the prior negotiations between the parties, Palmer signed a post-nuptial agreement distributing the parties' personal and real property. As part of the negotiations Fouch agreed to return $2,000 of Palmer's money that had been deposited in an IRA in his name. Palmer provided Samuelsen with an account statement of the IRA. Samuelsen drafted a power of attorney using this account statement to identify the IRA. On December 14, 1988, Fouch signed the power of attorney which authorized Palmer to "transact any and all matters [including cashing] concerning" the IRA. The power of attorney was a two page document; page one described the powers and parties and listed the subject matter as an IRA that was identified within Exhibit A on page two; page two was Exhibit A which was the original account statement, provided by Palmer and issued by the brokerage house, which included all of the necessary information to identify the IRA subject to the power. There was an understanding between Palmer and Fouch that the IRA was not to be cashed until sometime after Fouch reached the age of 59½, which was approximately a year later. Palmer picked up what she believed was the power of attorney in January 1990, and a short time later tried to cash the IRA. While at the brokerage house, but before she actually

tried to cash the IRA, she discovered that Exhibit A was not attached. She then presented only page one to the broker, however, the brokerage house refused to honor the purported power of attorney (hereinafter referred to as Page One) without a more detailed description of the IRA than what was mentioned on the face of Page One. Palmer did not return to Samuelsen to obtain the necessary Exhibit A. In his deposition Samuelsen admitted that he retained the original Exhibit A in his files.

Palmer had retained other counsel in the interim year and rather than return to Samuelsen she consulted her new attorney. Palmer brought this suit on March 23, 1990, for malpractice alleging that Samuelsen had negligently represented her in her divorce action. On June 1, 1990, her new attorney drew up a power of attorney and presented it to Fouch's attorney. Fouch, however, refused to sign the new power of attorney.

Palmer's complaint asserted three separate causes of action for malpractice: (1) Samuelsen negligently drafted a power of attorney for Palmer; (2) Samuelsen negligently failed to provide her with sufficient options for the recovery of the $20,000 of separate property; and (3) Samuelsen negligently failed to recover $5,000 of separate property that was loaned to Fouch during the marriage. Samuelsen filed an answer and on September 26, 1991, moved for summary judgment. After a hearing the district court, on November 25, 1991, issued an opinion and order granting Samuelsen's motion for summary judgment. Palmer appealed only the power of attorney and the $20,000 down payment issues arguing that there were genuine issues of material fact which precluded the grant of summary judgment.

## SUMMARY JUDGMENT STANDARD OF REVIEW

The standard for reviewing a district court's ruling on a motion for summary judgment is free review. However,

we use the same standards as used by the trial court in passing upon a motion for summary judgment. That is,

> [a]ll facts and inferences from the record will be viewed in favor of the nonmoving party to determine whether the motion should be granted. The burden of proving the absence of material facts is upon the moving party. However, the adverse party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." In addition, the affidavits submitted in support of or against the motion "shall set forth facts as would be admissible in evidence." A mere scintilla of evidence is insufficient to create a material issue of fact. Judgment shall be rendered if the pleadings, depositions, admissions, and affidavits on file show that there is no genuine issue of material fact.

*East Lizard Butte Water Corp. v. Howell,* 122 Idaho 679, 681, 837 P.2d 805, 807 (1992) (citations omitted). However, summary judgment "is properly issued when the party bearing the burden of proof fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Ada County v. Roman Catholic Diocese of Boise,* 123 Idaho 425, 427, 849 P.2d 98, 100 (1993).

In *Johnson v. Jones,* 103 Idaho 702, 652 P.2d 650 (1982) our Supreme Court addressed the elements of legal malpractice under a tort theory.

> "The elements of a legal malpractice action are: (a) the existence of an attorney-client relationship; (b) the existence of a duty on the part of the lawyer; (c) failure to perform the duty; and (d) the negligence of the lawyer must have been a proximate cause of the damage to the client....
>
> As to the burden of proof in such cases ... '[t]he burden of proving that an attorney has been negligent or failed to act

with proper skill and that damages resulted therefrom is on the plaintiff client' and ... '[l]ikewise, the burden is on the plaintiff to show that the negligence of the attorney was a proximate cause of the client's damage.' "

*Johnson,* 103 Idaho at 706, 652 P.2d at 654 (citing *Sherry v. Diercks,* 29 Wash.App. 433, 628 P.2d 1336, 1338 (Wash.Ct.App. 1981)). There is no dispute that there existed an attorney-client relationship or that Samuelsen had a duty to use the proper skill in representing Palmer. The issues Palmer raises are questions of breach and of causation.

## SEPARATE PROPERTY DOWNPAYMENT

█ Palmer argues that Samuelsen negligently failed to provide her with sufficient options for obtaining a full reimbursement from the community of the $20,000 in separate property she used as a downpayment on the community's townhouse. The district court found the following options were offered to Palmer:

> she could keep the townhouse, make the payments and then hope the property sold for an amount sufficient to reimburse her; or Fouch could stay in the townhouse, make the payments and try to sell the townhouse; or pay Mrs. Palmer $9,000 within one year, whether or not the townhouse sold.

Palmer chose the latter alternative, signed the property settlement agreement, and received the $9,000 settlement. Palmer now argues that Samuelsen, in addition to the above options, should have informed her that she could move for an order from the court that would allow Palmer to remain in the townhouse until its sale, while her husband made the mortgage payments. Palmer argues that if such an option were available, she would have recovered all of her separate property. After a thorough review of the record, we find there is no evidence in the record to support her claim that she could have recovered all of her

separate property. To avoid summary judgment, the nonmoving party's "case must be anchored in something more solid than speculation; a mere scintilla of evidence is not enough to create a genuine issue." *R.G. Nelson, A.I.A. v. Steer*, 118 Idaho 409, 410, 797 P.2d 117, 118 (1990).

It is undisputed that Palmer used $20,000 of separate property for a down payment on the community townhouse and that a partner who invests separate property in a community asset, such as a home, is entitled to reimbursement. *Nichols v. Nichols*, 84 Idaho 379, 372 P.2d 758 (1962). However, Palmer argues that Samuelsen failed to inform her that the expenses of selling the community asset would be community expenses and therefore would entitle her to an additional reimbursement of one half of the expenses for selling the townhouse. Palmer does not cite any legal authority for this proposition and where there is no decision by the Supreme Court Samuelsen cannot be held liable for not informing her of an untried theory of recovery. *First National Bank of Clovis v. Diane, Inc.*, 102 N.M. 548, 698 P.2d 5 (N.M.Ct.App.1985) (mere error of judgment or mistake in disputable points of law not settled by the highest court will not subject an attorney to legal malpractice). In addition, the record does not contain any evidence of what costs, if any, would have been associated with the sale of the community property. The hypothetical figures that Palmer uses to illustrate her theory are not supported by evidence and are mere speculation.

Palmer also argues that Samuelsen should have informed her of the lack of merit in Fouch's claim that the $20,000 was community property. Palmer implies that Samuelsen led her to believe that Fouch's position was correct. The record does not support this implication. The record is clear that Samuelsen never informed Palmer that the $20,000 was community property and both believed that it was separate property. For the reasons stated above we hold that there was no genuine issue of fact concerning either the duty to inform or damages for the failure to inform Palmer of other possible alternatives for settlement.

## POWER OF ATTORNEY

The second issue we must resolve is whether the district court erred by granting summary judgment on the issue of whether Samuelsen met the standard of care required when he drafted the power of attorney. Palmer argues that there was a question of fact as to whether Exhibit A was attached to Page One of the power of attorney, thus the court was required to infer that Exhibit A was not attached. Because of that inference the power of attorney would be deemed to consist of Page One only, and Page One alone lacked a sufficient description of the subject matter to make it valid. Therefore, Samuelsen did not meet the standard of care required in preparation of a power of attorney. In the alternative, Palmer argues that even if Exhibit A were attached the power of attorney would be defective because it was not sufficient *"on its face."*

Because Idaho has no statute requiring a specific formality when preparing a power of attorney both parties and the trial court relied on 3 Am.Jur.2d *Agency* §§ 25, 29 (1986) to articulate the standard necessary for a power of attorney to be valid. Section 25 states that if there is no controlling statute, no particular form or method of execution is required to be valid; however, for a power of attorney to be valid the instrument should carry on its face sufficient formality of execution to show its genuineness. It must be reasonably certain and plain, clearly show the authority held, and the name of the attorney.

We first address Palmer's alternative argument by stating that we disagree. Had the original account statement that Palmer provided Samuelsen been attached to Page One of the power of attorney, the document would have been sufficiently cer-

tain and plain as to the identification of the particular IRA account to make valid the power of attorney. However, we agree that the rule requiring inferences to be drawn in favor of the nonmoving party requires this Court to assume that Samuelsen failed to attach Exhibit A, and thus to review Page One to see if it in itself was sufficient.

 The district court found as a matter of law that Page One was sufficient enough on its face to be valid. The pertinent part of Page One reads as follows:

KNOW ALL MEN BY THESE PRESENTS that the undersigned, RALPH E. FOUCH, of the City of Boise, State of Idaho, does hereby appoint CAROLINE A. PALMER as my attorney in fact with full power of attorney to transact any and all matters relating to that certain I.R.A. account attached hereto for identification and marked Exhibit "A".

Giving and granting to my said attorney full power to execute in my name all documents necessary to terminate and receive payment in her name any monies due as fully, to all intents and purposes, as the undersigned might or could do if personally present, hereby ratifying and confirming all that my said attorney shall lawfully do, or cause to be done, by virtue of these presents.

This Power of Attorney is strictly limited to the purposes stated above.

The court stated that the power of attorney was valid because it "described the parties, stated the limitation of the power and described the subject matter of the power." We cannot agree that Page One sufficiently described the subject matter. Because Page One specifically describes the subject matter as "that certain I.R.A. account attached hereto for identification and marked Exhibit 'A,'" Exhibit A must be attached to identify the particular IRA. Without Exhibit A there is no way for this Court to identify with certainty which IRA is subject to the power. Therefore we hold that

the district court erred by granting summary judgment on this basis.

 The district court articulated another basis for its finding that there was no breach of Samuelsen's duty; that is, Palmer had failed to inform Samuelsen that the brokerage house had required more than the description he provided on Page One. While we disagree that Palmer's failure to inform Samuelsen of the problems with the description goes to breach we do believe that it related to the element of proximate cause. The issue of proximate cause was raised by Samuelsen in his motion for summary judgment but not addressed by the district court, and it is not raised on appeal. Therefore, we will not address the issue of whether summary judgment should have been granted to Samuelsen on a theory of lack of proximate cause.

## CONCLUSION

The order of the district court is affirmed in part, vacated in part, and remanded. No costs or attorney fees are awarded on appeal.

SWANSTROM, J., concurs.

WALTERS, C.J., participated in oral argument but recused himself prior to issuance of the Court's opinion.