832 P.2d 1138

**Annet and Marvin BERNING, Plaintiffs–Respondents,**

v.

**Bill DRUMWRIGHT, Defendant– Appellant.**

**No. 19443.**

Court of Appeals of Idaho.

June 1, 1992.

Bill Drumwright, pro se appellant.

James T. Diehl, Sandpoint, for plaintiffs-respondents.

SILAK, Judge.

This appeal arises from a dispute between a mechanic, Bill Drumwright, and automobile owners Annet and Marvin Berning. The central issue on appeal is whether the magistrate correctly determined the amount of damages Drumwright owed to the Bernings. We also address whether the magistrate correctly concluded that the Bernings had given adequate notice of their intention to revoke the contract. We affirm the judgment of the magistrate.

The essential facts are as follows. The Bernings live in the Virgin Islands, spend part of the summer in north Idaho, and own a Chevrolet van which they keep in Idaho. The van was in good condition and had been driven only 40,000 miles. In the late spring of 1988, they discovered that the van had water in the oil. They were unable to start the engine and had the van towed to Bill Drumwright, a local mechanic, for repairs. Drumwright was unable to start the engine and told the Bernings that he would have to remove the engine to determine what the problem was. On June 29 or 30, Drumwright gave the Bernings three options: (1) to have the engine rebuilt at a cost of $1,200; (2) to have Drumwright work on the engine at an hourly rate without a price estimate; and (3) to find a second-hand engine that could be put in the van. The Bernings decided to think over their options.

The next day, Drumwright called the Bernings and told them that he had located a second-hand engine which had good compression and that he could put it in their vehicle for around $700 to $800. The Bern-ings decided to have Drumwright install the second-hand engine. Marvin paid Drumwright a $400 deposit in travelers' checks and asked him to try to get the work done quickly because the van was the main source of transportation for the family.

The work on the van was not completed until early August. Marvin Berning had by then returned to the Virgin Islands. On August 3rd, Annet Berning called her husband to tell him that the van would be ready the next day, but that, in order to check the oil, they would have to access the dipstick from the passenger compartment. To do this, they would have to remove the firewall, the radio and other equipment. Marvin Berning called Drumwright from the Virgin Islands and told him that this arrangement would be unacceptable. During their conversation, Drumwright told Marvin that the engine was for an older model which had the dipstick in a different place. Later, during the trial before the magistrate, Drumwright testified that the engine was not even a van engine but was, in fact, a truck engine.

After their August, 1988, conversation, Drumwright tried to fix the problem with the dipstick by placing a copper tube which could be used to access the dipstick from the front of the engine. Annet Berning picked up the car after the work was finished and paid Drumwright an additional $700. The engine smoked, overheated, and appeared to be burning oil. She took the van back to Drumwright who told her that it was customary for a new engine to use more oil at first. The van continued to use oil at the rate of one quart every forty to fifty miles. Two days after she picked up the van, Annet Berning tried to drive the van on a short trip. The van overheated and stopped four times in four miles. She called Drumwright who came to get the van and performed additional repairs. The van stopped overheating but continued to consume oil. The Bernings decided to take the van to a different garage and have the engine replaced. Because the engine that Drumwright had put in the car was not the correct engine for the vehicle, the garage

did not try to repair it. The Bernings had a newly rebuilt engine and a new manifold installed; they also had the carburetor rebuilt. They paid $1,951.79 for the additional work.

The Bernings filed a small claims complaint on May 15, 1989, alleging that Drumwright "performed grossly incompetent auto repair." Though Drumwright now contends that he never gave the Bernings the final bill for his work and that the Bernings never paid him for the used engine he installed, he did not file an opposing action and made no claim for monetary damages.[1] The small claims court held a trial in July, 1989, and entered judgment in favor of the Bernings for $1,100 minus a deposit on the second-hand engine of $250. The court also awarded the Bernings costs, filing fees, and statutory attorney fees in the amount of $25. Drumwright appealed the judgment. On appeal, Drumwright claimed that he should be paid for his labor for installing the new engine. Drumwright also claimed that the Bernings should pay for the used engine which was installed in their van. Drumwright did not raise any defenses to the breach of warranty action, nor did he raise the issue of lack of notice of revocation of the contract.

In July, 1990, the magistrate division held a trial de novo. The magistrate ruled that a contract existed between the Bernings and Drumwright for the sale and installation of the second-hand engine. The magistrate found that Drumwright was a merchant[2], and that the sale was subject to the Uniform Commercial Code (UCC). The magistrate held that the engine was defective. Applying the relevant sections of the UCC, the magistrate determined that, be-cause the engine was defective, Drumwright had breached the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. The magistrate also found that the Bernings had a duty to mitigate their damages. The magistrate held that the Bernings had performed that duty in part by trying to fix the engine; however, the magistrate also concluded that the Bernings had a duty to return the second-hand engine to Drumwright. The magistrate awarded the Bernings $1,100 in damages, but deducted a deposit for the second-hand engine in the amount of $250. The court also awarded costs and statutory attorney fees.

Drumwright appealed to the district court. The district court affirmed the magistrate's decision. Drumwright then filed an appeal which was assigned to this Court. On this appeal, Drumwright argues that the magistrate erred by refusing to accept testimony regarding the value of the second-hand engine and the rental value for the use of the second-hand engine based on the number of miles it had been driven before being removed. He also argues that the magistrate erred by failing to credit him with the value of the labor spent removing the original engine and trying to repair it. He further claims that the magistrate erred by failing to require that the Bernings return the second-hand engine. Finally, he argues that the magistrate erred by entering judgment in favor of the Bernings where they failed to timely revoke acceptance of the defective second-hand engine.

We turn first to our standard for review. Where a district court sits as an appellate court for the purpose of review-

---

1. Though a defendant in a small claims action may not file a counterclaim, the relevant procedural rule provides a mechanism for the defendant to file a separate claim and have it consolidated with the original claim; I.R.C.P. 81(b) states:

Counterclaims prohibited.—There shall be no counterclaims filed to a claim in the small claims department, provided this shall not prevent the filing of a separate claim in the small claims department, regardless of the residence of the original plaintiff; and such small claim may be consolidated for hearing with the original small claim in the discretion of the magistrate hearing the initial small claim.

2. Drumwright testified that he had been in the business of repairing automobiles for twenty-nine years and that he was an expert in the repair of auto engines. Under I.C. 28-2-104(1), a merchant is "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction...."

ing a magistrate's judgment, the district court is required to determine whether there is substantial evidence to support the magistrate's findings of fact. If those findings are so supported, and if the conclusions of law demonstrate proper application of legal principles to the facts found, then the district court will affirm the magistrate's judgment. The judgment also will be upheld on further appeal. *Hentges v. Hentges*, 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988); *see also Ustick v. Ustick*, 104 Idaho 215, 657 P.2d 1083 (Ct.App. 1983). Where, as here, the issues before the appellate court are the same as those considered by the district court sitting in an appellate capacity, we will review the trial record with due regard for, but independently from, the district court's decision. *Robinson v. Joint School District No. 331*, 105 Idaho 487, 490, 670 P.2d 894, 897 (1983).

■ Drumwright contends that the magistrate erred by refusing to accept testimony regarding the value of the second-hand engine. A trial court has broad discretion in the admission of evidence at trial; its judgment will only be reversed when there has been a clear abuse of discretion. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990) (citing *State v. Terry*, 98 Idaho 285, 286–87, 561 P.2d 1318, 1319–20 (1977)); *Baker v. Shavers, Inc.*, 117 Idaho 696, 698, 791 P.2d 1275, 1277 (1990).

■ Drumwright attempted to introduce Exhibit B, a copy of a letter from the auto shop from which he purchased the second-hand engine. The magistrate refused to admit the exhibit on the grounds of lack of foundation. Drumwright later testified that the core value of the second-hand engine was $250. Counsel for the Bernings objected to the admission of this testimony on the basis that it was hearsay. The magistrate sustained the objection, but apparently took the evidence into consideration because he allowed a $250 offset from the $1,100 damages award. Under I.R.E. 103, error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. Thus, even assuming the court erred in refusing to admit evidence regarding the value of the second-hand engine, the error was harmless.

■ Drumwright also contends that the magistrate erred by refusing to accept testimony regarding the rental value for the use of the used engine based on the number of miles it had been driven before being removed. The transcript of the trial shows that Drumwright did not attempt to introduce this evidence in his case in chief, but tried to present the evidence during his response to cross examination. The Bernings objected to testimony regarding the number of miles the van had been driven between August, 1988, and April, 1990, on the grounds that the testimony was outside the scope of the cross examination. The magistrate sustained the objection. Drumwright has presented no argument or authority to support his claim that the court erred when it sustained the objection. Issues on appeal which are completely unsupported by argument or authority will not be considered on appeal. *See Murray v. Farmers Ins. Co.*, 118 Idaho 224, 226, 796 P.2d 101, 103 (1990) (citing *In re Estate of Freeburn*, 101 Idaho 739, 620 P.2d 773 (1980)). Having reviewed the record, we see no indication that the magistrate abused his discretion by refusing to admit this testimony. We will not presume error on appeal. *State v. Phillips*, 118 Idaho 27, 29, 794 P.2d 297, 299 (Ct.App.1990); *State v. Bylama*, 103 Idaho 472, 475, 649 P.2d 1228, 1231 (Ct.App.1982).

■ Drumwright also argues that the magistrate erred by failing to credit him with the value of the labor spent removing the original engine and trying to repair it. The thrust of this argument is that the magistrate miscalculated the amount of damages. Idaho Code § 28–2–711 defines a buyer's general remedies:

(1) Where ... the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract (section 28–2–612), the buyer may cancel and whether or not he has done so may in

addition to recovering so much of the price as has been paid

  (a) "cover" and have damages under the next section as to all the goods affected whether or not they have been identified to the contract; or

  (b) recover damages as for nondelivery as provided in this chapter (section 28–2–713).

. . . .

(3) On rightful rejection or justifiable revocation of acceptance a buyer has a security interest in goods in his possession or control for any payments made on their price and any expenses reasonably incurred in their inspection, receipt, transportation, care and custody and may hold such goods and resell them in like manner as an aggrieved seller (section 28–2–706).

In this case the court found, as a matter of fact, that the second-hand engine was not merchantable. Based upon this fact, the transaction was revocable under I.C. § 28–2–711.

The UCC allows a buyer to revoke acceptance if a product's "non-conformity substantially impairs its value to him" and if the buyer accepted it "on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured." I.C. § 28–2–608(1); *Lee v. Peterson,* 110 Idaho 601, 603, 716 P.2d 1373, 1375 (Ct.App.1986). The magistrate made no specific determination that the Bernings revoked acceptance; however, the record clearly shows that the defect in the engine substantially impaired its value and that the Bernings retained possession of it while reasonably assuming that Drumwright would repair the engine. Based on these facts, we hold that the Bernings revoked their acceptance of the second-hand engine. *See Pope v. Intermountain Gas Co.,* 103 Idaho 217, 225, 646 P.2d 988, 996 (1982) (appellate court may disregard absence of

finding by trial court where record is clear and yields obvious answer).

Under I.C. § 28–2–711, a buyer who justifiably revokes his acceptance of goods may cancel the purchase and recover as much of the purchase price as had been paid. *Lee,* 110 Idaho at 604, 716 P.2d at 719. In *Lee,* the buyer of a defective copy machine revoked his acceptance of the machine because it breached the implied warranty of merchantability. This Court found no error in the remedy selected by the lower court—return of the machine, and recovery of the purchase price and cost of chemicals. In the present case, the Bernings revoked the "whole contract" which included not only the cost of the second-hand engine, but also the cost of removing the original engine and installing the second-hand engine.[3]

◼ Drumwright further claims that the magistrate erred by failing to require that the Bernings return the second-hand engine. As noted above, I.C. § 28–2–711 gives a buyer who has justifiably revoked acceptance of goods a security interest in those goods and allows the buyer to retain the goods and resell them. In this case, the Bernings retained the second-hand engine, but did not resell it. The deposit for the engine, which Drumwright claimed was $250, was offset against the damages which were awarded to the Bernings following the trial. Based on this fact, we find no error in the remedy selected by the magistrate because Drumwright is in no worse position than he would have been if the Bernings had resold the engine and deducted the resale price from their damages pursuant to I.C. § 28–2–706.

◼ Drumwright has also loosely framed an issue regarding the Bernings' refusal to allow him to correct the problems with the engine. A right to cure is relevant only when a buyer has rejected goods prior to a formal acceptance; the

---

3. Drumwright argues that he is also entitled to an offset for the value of his labor in trying to repair the original engine. Any attempt to repair the original engine was outside the scope of the contract. The testimony clearly shows that the Bernings did not authorize Drumwright to attempt to repair the original engine; moreover, Drumwright admitted at the trial that he never made an attempt to repair the original engine. Drumwright is not entitled to payment or offset for work which he was not authorized to do and was never performed.

UCC does not allow a seller the right to cure defects following a buyer's acceptance of the goods. *Jensen v. Seigel Mobile Homes Group*, 105 Idaho 189, 193, 668 P.2d 65, 69 (1983). In this case, the Bernings had already accepted the second-hand engine; therefore, Drumwright had no right to cure. Though the Bernings gave Drumwright two opportunities to repair the engine, he was unable to repair it to their satisfaction. The Bernings were under no obligation to give Drumwright unlimited opportunities to fix the problem. *See Jensen*, 105 Idaho at 194, 668 P.2d at 70 (though buyer may notify seller of defects and attempt to obtain cures therefor, buyer thereby gives seller right to cure only until buyer finds seller's efforts to be unsatisfactory).

▮ Drumwright's final argument is that he did not receive timely notice of the Bernings' intent to revoke their acceptance of the contract. Drumwright did not raise this argument below and is thus foreclosed from raising it on appeal. *See Kinsela v. State, Dept. of Finance*, 117 Idaho 632, 634, 790 P.2d 1388, 1390 (1990) (citing *State ex rel. Evans v. Click*, 102 Idaho 443, 631 P.2d 614 (1981), *cert. denied*, 457 U.S. 1116, 102 S.Ct. 2927, 73 L.Ed.2d 1328 (1982)); *Johnson Equipment v. Nielson*, 108 Idaho 867, 870, 702 P.2d 905, 908 (Ct.App.1985).

▮ The Bernings have requested attorney fees on appeal. The relevant statute in deciding this issue is I.C. § 12–120(3) which states in pertinent part:

> In any civil action to recover on [a] ... contract relating to the purchase or sale of goods, ... unless otherwise provided by law, the prevailing party *shall* be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

(Emphasis added.) The Bernings' claim was an action to recover on a contract for the sale of goods. Because they prevailed on their claim below, and because we affirm the judgment of the magistrate, we conclude that they are the prevailing party. The Bernings are thus entitled to an award of attorney fees and costs on appeal.

The judgment of the magistrate is affirmed. Costs and attorney fees to respondents to be determined pursuant to I.A.R. 40 and 41.

WALTERS, C.J., and SWANSTROM, J., concur.