137 P.3d 443

**Tom R. OBENCHAIN, Claimant–Appellant,**

v.

**McALVAIN CONSTRUCTION, INC., Employer, and State of Idaho, Idaho Commerce & Labor, Respondents.**

**No. 32140.**

Supreme Court of Idaho,
Boise, April 2006 Term.

June 5, 2006.

Tom R. Obenchain, appellant, pro se, Boise. Tom R. Obenchain argued.

Honorable Lawrence G. Wasden, Attorney General, Boise, for respondents. Evelyn B. Thomas argued.

JONES, Justice.

This is an appeal from the Industrial Commission's denial of an unemployment compensation claim because the appeal was untimely. We affirm.

**I.**

In 2005, while employed by McAlvain Construction, Inc., Obenchain took a one-week approved vacation. Upon returning to work, Obenchain requested additional time off to care for an unhealthy relative. Additional leave was granted and Obenchain agreed to return to work on January 17. However, he did not return to work until January 19 and did not notify his employer that he would be absent on January 17 or 18. Obenchain, instead, assumed his absence was permitted because work was slow and he was told to take all the time he needed. Obenchain's

employment was terminated on January 19 because he was a no call/no show for two consecutive days.

Obenchain subsequently sought and received unemployment insurance benefits. McAlvain protested Obenchain's eligibility. The appeals examiner at the Idaho Department of Commerce & Labor then denied Obenchain's claim because it found that he was discharged for misconduct. Obenchain was informed that he had fourteen days to appeal this decision to the Commission. However, his appeal was postmarked one day after the allotted time period and, consequently, the Commission dismissed his appeal. Obenchain sought reconsideration, explaining that his appeal was untimely because his employer refused to provide him with his employee file. The Commission denied reconsideration because it found that Obenchain failed to provide a legal justification for his untimely appeal. This appeal followed.

## II.

■ This Court exercises free review over the Industrial Commission's legal conclusions. *Neihart v. Universal Jt. Auto Parts, Inc.*, 141 Idaho 801, 803, 118 P.3d 133, 135 (2005). However, the Commission's factual findings will not be disturbed on appeal so long as they are supported by substantial and competent evidence. I.C. § 72–732; *Neihart*, 141 Idaho at 803, 118 P.3d at 135.

## III.

■ Obenchain argues that because his appeal was postmarked incorrectly, the Commission erred in dismissing it as untimely. This argument is unavailing because it is raised for the first time on appeal.

■ Idaho Code section 72–1368(6) allows an interested party to appeal an appeals examiner's decision within fourteen days after service of that decision. A mailed appeal is "deemed as filed on the date of mailing as determined by the postmark on the envelope." IDAPA 09.01.06.012.03. If filed after the final day of appeal, the appeal is untimely and will be denied. However, an appeal will be considered timely if the party "establishes

by a preponderance of evidence that but for error by the U.S. Postal Service, the envelope would have been postmarked within the period for timely appeal." *Id.; Moore v. Melaleuca, Inc.*, 137 Idaho 23, 43 P.3d 782 (2002). However, to establish the mailing error one must raise it.

In the current case, Obenchain was served with the appeals examiner's decision on April 28 and had until 5:00 p.m. on May 12 to file his appeal with the Commission. However, his appeal was postmarked May 13. The Commission denied the appeal because it was untimely. On his motion for reconsideration, Obenchain failed to argue a defect in the postmark. Instead, Obenchain argued that his appeal was untimely because his employer failed to provide him with his employment file. This was not a legal justification for his untimely appeal. Therefore, the Commission denied reconsideration.

■ Appellate court review is "limited to the evidence, theories and arguments that were presented ... below." *State v. Vierra*, 125 Idaho 465, 469, 872 P.2d 728, 731 (Idaho App.1994). Consequently, appellate courts will not consider new arguments raised for the first time on appeal. *Dominguez ex rel. Hamp v. Evergreen Resources, Inc.*, 142 Idaho 7, 14, 121 P.3d 938, 945 (2005). Obenchain argues for the first time on appeal to this Court that his untimely appeal was the result of postal error. We cannot consider this argument because it was not presented to the Commission. As a result, the Commission's decision to deny reconsideration is affirmed because Obenchain failed to provide a legal justification for his untimely appeal.

## IV.

We affirm the Industrial Commission's decision that Obenchain's appeal was untimely.

Chief Justice SCHROEDER, and Justices TROUT, EISMANN and BURDICK concur.