**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39103**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 619 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 31, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ERICK NATHAN GENDRON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying motion to withdraw guilty plea, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Erick Nathan Gendron appeals from the district court's denial of his motion to withdraw his guilty plea, Idaho Criminal Rule 33(c). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Gendron pled guilty to felony driving under the influence, Idaho Code §§ 18-8004, 18-8005(9). Before sentencing, Gendron moved to withdraw his guilty plea, asserting counsel that represented him at the time he entered his guilty plea failed to obtain and review the video recording of his breathalyzer test and, therefore, was unable to evaluate whether the test was administered in compliance with the required standards for breath testing. The district court denied the motion, finding that Gendron's guilty plea waived any claim that his attorney should have conducted additional discovery. The district court further found that no just reason existed for allowing Gendron to withdraw his guilty plea. Gendron timely appeals.

1

## II.

## ANALYSIS

Gendron contends that the district court erred in denying his motion to withdraw his guilty plea. Gendron argues that his prior attorney's alleged failure to obtain a potentially exculpatory video provided a just reason to withdraw his guilty plea. In the district court, Gendron asserted that his counsel failed to obtain the videotape of the administration of the breathalyzer test and was therefore unable to evaluate whether the test was conducted in compliance with regulations prior to his guilty plea. On appeal, Gendron now asserts that just cause exists because he has lost the ability to review the video, presumably because, to the extent it ever existed, it is no longer available.[1] The State argues that the district court's denial of the motion was appropriate and that Gendron did not establish a just reason to withdraw his guilty plea.

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* The defendant bears the burden of proving, in the district court, that the plea should be withdrawn. *State v. Hanslovan*, 147 Idaho 530, 535, 211 P.3d 775, 780 (Ct. App. 2008). In ruling on a motion to withdraw a guilty plea, the district court must determine, as a threshold matter, whether the plea was entered knowingly, intelligently, and voluntarily. *Id*. at 536, 211 P.3d at 781. If the plea was voluntary, in the constitutional sense, then the court must determine whether other reasons exist to allow the defendant to withdraw the plea. *Id*. When the motion is made prior to sentencing, the defendant must present a just reason for withdrawing the plea. *Id*. at 535, 211 P.3d at 780. Where the defendant moves to withdraw his guilty plea before the imposition of sentence, "but after [he] has read the presentence report

---

[1] Gendron acknowledges that his argument on appeal is different than that raised in the district court, but contends that since it does not raise a different "issue," this Court should entertain the argument. In *Obenchain v. McAlvain Const., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006), the Court stated, "Appellate court review is 'limited to the evidence, theories and arguments that were presented . . . below.'" (quoting *State v. Vierra*, 125 Idaho 465, 469, 872 P.2d 728, 731 (Ct. App. 1994)). This holding was recently reiterated in *State v. Johnson*, 148 Idaho 664, 670, 227 P.3d 918, 924 (2010). We will not address the argument raised for the first time on appeal by Gendron.

or received other information about his probable sentence, the court is to exercise broad discretion, but may temper its liberality by weighing the defendant's apparent motive." *State v. Johnson*, 120 Idaho 408, 411, 816 P.2d 364, 366 (Ct. App. 1991) (citation omitted).[2]

The district court, upon reviewing the record of the change of plea hearing, concluded that Gendron entered his plea knowingly, voluntarily, and intelligently and, in so doing, specifically waived any claim that his attorney should have conducted additional discovery. In addition, the district court concluded that any failure of defense counsel to have obtained the video of the breath test before Gendron pled guilty did not constitute just reason for withdrawal of his plea because he failed to show that the video would have provided a defense or would otherwise have affected his decision to plead guilty.

Gendron testified under oath when he entered his plea that: (1) he understood the charges and potential consequences; (2) he was giving up his right to trial and to present evidence in his defense; (3) he had discussed the case with his attorney and was satisfied with his services; and (4) he had reviewed discovery provided and there was no additional evidence he wished to review before entering his plea. Gendron does not contest, as a general matter, that his plea was knowing, voluntary, and intelligent, but suggests only that the statement that he did not need to review further discovery was not knowing since, at the time he entered the plea, he did not know of its existence. The possibility of the existence of potentially exculpatory evidence unknown to the defendant does not alone render a plea invalid. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002).

The district court determined that the mere failure of defense counsel to obtain the video before Gendron pled guilty does not constitute just reason to withdraw the plea. The district court did not abuse its discretion in so holding. Gendron failed to provide any evidence showing the existence of a video recording of his breathalyzer test, showing that such a video would contain exculpatory evidence, or showing that such exculpatory evidence would convince him to

---

[2] Gendron originally asserted that he did not review the presentence investigation report (PSI) prior to filing his motion to withdraw his guilty plea. Therefore, Gendron argued that a standard allowing discretion to be exercised more liberally should be applied. The State responded that Gendron did review the PSI prior to filing the motion; therefore, the district court could temper its liberality by weighing Gendron's apparent motive. Gendron acknowledged that his motion was filed after reviewing the PSI; however, the district court still did not consider his apparent motive.

go to trial. While Gendron contends that he was unaware of the possible existence of such a video, he testified that, upon obtaining new counsel, he asked to see the video. Gendron testified that he did not know if his former attorney obtained and/or reviewed a video.

Even if we were to assume that a video existed, there is no evidence to show that such a video would contain exculpatory evidence that would convince Gendron to go to trial. Gendron has made no claims or submitted any evidence outside the potential video that the results of his breathalyzer test were or may have been tainted by improper administration, inaccuracies in the testing procedure, or malfunctioning instruments. Instead, Gendron merely hopes to find some inadequacy in the breathalyzer test to provide a defense for trial. Gendron's attorney even admitted at the hearing on this motion that the video might not shed any further light on this case. Although Gendron may not have known of the existence of the video when he answered his plea colloquy, claiming a potential video exists containing potentially exculpatory evidence does not establish just reason.

## III.

## CONCLUSION

Gendron has failed to show just reason why he should be allowed to withdraw his guilty plea. Therefore, the district court's denial of Gendron's motion to withdraw his guilty plea is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**