**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44895**

| | | |
|---|---|---|
| RICHARD OZUNA, JR., | ) | |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 8, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Order denying motion to set aside judgment, <u>affirmed</u>.

Richard Ozuna, Jr., Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Richard Ozuna, Jr., appeals from the order denying his motion to set aside judgment. Ozuna asserts the district court erred in denying his motion for transport. Ozuna also asserts the district court abused its discretion by denying his motion to set aside the judgment summarily dismissing his petition for post-conviction relief pursuant to Idaho Rule of Civil Procedure 60(b). For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury convicted Ozuna of lewd conduct with a minor child under sixteen, Idaho Code § 18-1508, with a sentencing enhancement for having been previously convicted of a sexual offense, I.C. § 19-2520G(2). The district court imposed a life sentence with twenty years determinate. Ozuna appealed from his judgment of conviction. This Court affirmed his conviction and sentence. *State v. Ozuna*, 155 Idaho 697, 316 P.3d 109 (Ct. App. 2013).

1

Thereafter, Ozuna filed a pro se petition for post-conviction relief. Ozuna was appointed post-conviction counsel. The district court subsequently gave notice of its intent to dismiss the petition. After meeting with Ozuna to discuss his petition, Ozuna's counsel did not respond to the notice of intent to dismiss. Subsequently, the district court entered judgment summarily dismissing Ozuna's petition for post-conviction relief. Ozuna appealed. In an unpublished opinion, this Court affirmed the judgment summarily dismissing Ozuna's petition for post-conviction relief. *State v. Ozuna*, Docket No. 43659 (Ct. App. Sept. 16, 2016).

While Ozuna's appeal from the district court's judgment summarily dismissing his post-conviction petition was pending in this Court, Ozuna filed a motion to set aside the judgment pursuant to I.R.C.P. 60(b) and a "Declaration of Petitioner" in the district court.[1] The State filed an objection to Ozuna's motion to set aside the judgment. Ozuna also filed a motion for transport to the hearing on the Rule 60(b) motion which the district court denied. Thus, at the hearing on the Rule 60(b) motion, Ozuna was not present but was represented by counsel different from his post-conviction counsel. Following the hearing, the district court denied the Rule 60(b) motion. Ozuna timely appeals.

## II.

## ANALYSIS

On appeal, Ozuna asserts that the district court erred in denying his motion requesting transport to the hearing on his Rule 60(b) motion. Ozuna also asserts the district court abused its discretion in denying his motion to set aside the judgment summarily dismissing his petition for post-conviction relief. Finally, Ozuna asserts the Idaho Supreme Court abused its discretion by permitting his appellate counsel to withdraw.

### A.      Motion for Transport

Ozuna argues that he had a right to be present at any evidentiary hearing held concerning his petition for post-conviction relief pursuant to I.C. § 19-4907(b), and that the court's decision to deny his motion for transport and hold the hearing without him present constitutes reversible error. The State asserts this issue is not preserved for appeal, that I.C. § 19-4907(b) is not

---

[1] Ozuna attached four exhibits to his declaration. Exhibit 4 contained two letters from the Idaho State Police that indicated the state lab was changing its procedures related to DNA testing because of errors in the database published in 1999 and 2001. The letters also indicated that the lab would be implementing a new software tool for calculating and interpreting DNA cases where samples contained a low level mixture of DNA from two or more people.

2

applicable, and that Ozuna has failed to show the district court abused its discretion by denying his motion for transport. We agree with the State.

"Appellate court review is 'limited to the evidence, theories and arguments that were presented . . . below.'" *Obenchain v. McAlvain Const., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006) (quoting *State v. Vierra*, 125 Idaho 465, 469, 872 P.2d 728, 731 (Ct. App. 1994)). The record does not show that Ozuna argued to the district court that he had a right under I.C. § 19-4907(b) to be transported to the Rule 60(b) hearing. We cannot determine the basis for Ozuna's motion for transport because it is not contained in the record on appeal. Additionally, the only references to the motion for transport contained in the record do not address the basis for the motion. The transcript of the Rule 60(b) hearing reveals that Ozuna's counsel referenced the motion for transport, but did not argue to the district court that Ozuna had a statutory right under I.C. § 19-4907(b) to be transported and present at that hearing. Ozuna's counsel stated, "I had tendered a motion and order for transport and it was my understanding that was not granted." The court responded, "Right." The motion was not discussed further. The minutes of the hearing also referenced the motion for transport, but did not address the basis for the motion for transport: "[Ozuna's counsel] noted the Court's denial of the defendant's request to be transported for the hearing." Because the record does not show that Ozuna presented the I.C. § 19-4907(b) theory to the district court for consideration, it is not preserved for appellate review.

However, even if preserved, Ozuna has failed to show that he had a right under I.C. § 19-4907(b) to be transported and present at the Rule 60(b) hearing. Idaho Code § 19-4907(b) states:

> The applicant should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to evidence in which he participated. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the applicant to be present.

The statute plainly applies to hearings on motions attacking a sentence subsequent to the filing of an application for post-conviction relief. Ozuna alleges he had a right to be present at the Rule 60(b) hearing pursuant to I.C. § 19-4907(b); however, the Rule 60(b) hearing was on a motion for relief from a civil judgment not a hearing on a motion attacking Ozuna's sentence. Idaho Code § 19-4907(b) does not provide a right to be transported and present at a Rule 60(b) motion hearing following the summary dismissal of a post-conviction petition.

3

**B.      Motion to Set Aside Judgment**

In the order denying Ozuna's motion to set aside judgment, the district court noted that Ozuna did not "delineate the specific subsection of I.R.C.P. 60(b) under which he [sought] relief."  However, based on the case law Ozuna referenced in his motion and at the hearing, the court found the "motion [was] brought pursuant to Rule 60(b)(6)."[2]  Hence, the court analyzed and dismissed the motion pursuant to Rule 60(b)(6).

Ozuna argues the court abused its discretion in denying his Rule 60(b) motion because the court should have analyzed his motion under each subsection of Rule 60(b) rather than limiting its analysis to only subsection (b)(6).  Ozuna also specifically contends that the court should have analyzed his motion under Rule 60(b)(2)[3] because he had submitted newly discovered evidence--the letters from the Idaho State Police--to the district court with his declaration.  Next, Ozuna argues that the court erroneously denied the motion pursuant to Rule 60(b)(6) because the record establishes that his post-conviction counsel abandoned the case thus allowing the petition to be dismissed and denying him the opportunity to respond to the court's notice of intent to dismiss pro se.

The State asserts that the district court did not abuse its discretion and that Ozuna has failed to show error in the district court's denial of his Rule 60(b) motion.  According to the State, the court correctly perceived the issue as one of discretion, acted within the boundaries of that discretion and consistently with legal standards, and reached its decision by an exercise of reason.  We agree.

Ozuna failed to show that the district court abused its discretion in failing to grant the motion pursuant to Rule 60(b)(2).  At no point in his motion to set aside judgment and order did Ozuna reference subsection (b)(2) or even state that he was presenting newly discovered

---

[2]      Rule 60(b)(6) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  . . . (6) any other reason that justifies relief."

[3]      Rule 60(b) states:
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under I.R.C.P. 59(b). The district court was not required to review Ozuna's claim under every subsection of Rule 60(b) merely because Ozuna did not specify which subsection of Rule 60(b) he brought his motion under. Additionally, the district court was not required to consider the merits of a claim under subsection (b)(2) that was not asserted in the motion nor raised during argument at the hearing. *See Leavitt v. Swain*, 133 Idaho 624, 629, 991 P.2d 349, 354 (1999) (holding that failure to specify which subsection the motion for a new trial was made under I.R.C.P. 59(a) was fatal to the motion). The court did not abuse its discretion by determining that Ozuna had brought the motion pursuant to Rule 60(b)(6) and analyzing the motion under only that subsection.

Moreover, even if the merits of Ozuna's claim were analyzed under the other subsections of Rule 60(b), Ozuna has failed to establish error. There is no evidence in the record that indicates the newly discovered evidence was relevant to Ozuna's case. Ozuna failed to show from the record that in his case the State lab conducted the type of testing discussed in the Idaho State Police letters, or that the DNA tests in his case relied upon the 1999 or 2001 databases which contained errors. Likewise, Ozuna failed to show how the changes discussed in the letters affected any DNA analysis that was conducted in his case. Thus, Ozuna has failed to advance any meaningful argument that the district court erroneously dismissed his motion by limiting its analysis to subsection (b)(6) and not analyzing the motion under any other subsection of Rule 60(b).

Ozuna also failed to show that the district court abused its discretion in denying the motion pursuant to Rule 60(b)(6). The record establishes that the district court correctly perceived the issue as one of discretion, acted within the boundaries of its discretion and consistent with applicable legal standards, and reached its decision by an exercise of reason. The court explicitly stated in the order denying Ozuna's motion to set aside judgment that "the decision to grant or deny a 60(b) motion is discretionary." The court then proceeded to analyze Ozuna's claims under Rule 60(b)(6) and *Eby v. State*, 148 Idaho 731, 228 P.3d 998 (2010). The court correctly distinguished Ozuna's case from *Eby*. In *Eby*, the Idaho Supreme Court held that the "complete absence of meaningful representation" in a post-conviction action "may present the 'unique and compelling circumstances' in which I.R.C.P. 60(b)(6) relief may well be warranted." *Eby*, 148 Idaho at 737, 228 P.3d at 1004. Here, Ozuna conceded before the hearing

5

that he had met with his post-conviction counsel prior to the district court's entry of judgment dismissing his petition. He also conceded that he had discussed at least two of his causes of action with counsel at that meeting. Furthermore, based on the testimony of Ozuna's post-conviction counsel, the court determined that counsel had promptly familiarized himself with the facts of Ozuna's criminal and post-conviction cases, analyzed the potential issues, discussed those issues with Ozuna, and determined there was no additional action to be taken with respect to the petition. Accordingly, the district court correctly concluded that Ozuna had not experienced the complete absence of meaningful representation resulting in a unique and compelling circumstance in which relief under Rule 60(b)(6) was appropriate. For these reasons, the district court did not abuse its discretion by denying Ozuna's Rule 60(b) motion.[4]

## C. Appellate Counsel

Subsequent to Ozuna filing the notice of this appeal, the district court issued an order appointing the State Appellate Public Defender to represent Ozuna. Thereafter, Ozuna's court-appointed appellate counsel filed a motion for leave to withdraw as counsel in the Idaho Supreme Court stating, "no non-frivolous issue can be raised in this appeal." The Supreme Court granted the motion for leave to withdraw. Ozuna asks this Court to hold that the Supreme Court abused its discretion by granting the motion. "Such an undertaking would be tantamount to the Court of Appeals entertaining an 'appeal' from an Idaho Supreme Court decision and is plainly beyond the purview of this Court." *State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). We again disclaim "any authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law." *Id.* Ozuna has no right to appeal the granting of this motion to the Idaho Court of Appeals, and we have no authority to consider such an appeal. Accordingly, we will not address Ozuna's argument in this regard.

---

[4] Ozuna also argues he was deprived of a meaningful opportunity to properly present his post-conviction relief claims, denied due process, and deprived of an opportunity to seek federal habeas review because his post-conviction counsel completely abandoned his case. However, as discussed above, this case is distinguishable from *Eby*, and the district court correctly concluded that Ozuna did not experience the complete absence of meaningful representation.

6

### III.
### CONCLUSION

The district court did not err in denying Ozuna's motion for transport, and Ozuna's argument to the contrary is not preserved for appellate review. Additionally, the court did not abuse its discretion in denying Ozuna's Rule 60(b) motion. Ozuna has no right to appeal the Supreme Court's grant of his state-appointed appellate counsel's motion for leave to withdraw to the Idaho Court of Appeals, and we have no authority to consider such an appeal. Accordingly, we affirm the order of the district court denying Ozuna's motion to set aside judgment and order.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.